BRAYLEY v. Ross, Adm'r, *et al.*

33 505
85 703

1. **Administrator: FILING OF CLAIMS: STATUTE OF LIMITATIONS.** Where the plaintiff, being a non-resident of the State, sent to an attorney for collection a promissory note within the time allowed by law for filing claims of this character against an estate, and the attorney, upon inquiry, learning of the death of one of the makers, wrote to the administrator of his estate, who informed him by letter in reply, that his decedent was only security, that if the principal did not pay he would, and requesting that no costs be made ; and, further, that the principal was then absent from home, that he would see him on his return and communicate to plaintiff's attorney the result of the interview, and requested that no suit be brought on the note until he should thus hear from him ; and the attorney, relying upon these statements and requests, delayed filing the claim until after the expiration of the statutory period of eighteen months, it was *held*, that the circumstances entitled plaintiff to equitable relief against the bar of the statute, within the meaning of section 2405 of the Revision, and that the claim was, therefore, not barred.

2. **Practice: ERROR WITHOUT PREJUDICE.** The erroneous admission of evidence which, under the facts of the case, could have worked no prejudice to the party complaining, constitutes no sufficient ground for reversal.

3. **Evidence: LETTERS.** It is not a sufficient objection to the introduction of a letter in evidence, that the letter to which it was a reply, and which was in the possession of the opposite party, was not called for and put in evidence, when the presence of such letter is not necessary to an understanding of the contents of the one offered.

*Appeal from Madison Circuit Court.*

SATURDAY, FEBRUARY 24.

ACTION upon a promissory note. Judgment against defendant Bishop, by default, and against Ross, the administrator, upon a trial, who appeals to this court. The facts involved in the case appear in the opinion.

*Wainwright & Gilpin* for the appellant.

*S. G. Ruby* for the appellee.

BECK, Ch. J. — The note was filed as a claim against the estate of appellants' decedent after the expiration of eighteen months from the date of giving notice of administration. The administrator rejected the claim, and thereupon plaintiff instituted this suit. The defendant insists that the action is barred by Revision, section 2405, which provides that claims against an estate, not filed within one year and a half after notice has been given of the issuing of letters of administration, are forever barred, unless the claim is pending in court, or "unless peculiar circumstances entitle the claimant to equitable relief." Plaintiff claims that the case comes within the exception of the statute, contained in the language above quoted. We are required to determine whether this position is supported by the law.

1. ADMINISTRA-TOR: filing of claims: statute of limitations.

The plaintiff, who is a non-resident of the State, sent the note to an attorney within the time prescribed for filing such claims against the estate. The attorney, upon inquiry, found the place of residence of the makers of the note, and learned of the death of one of them, and the name of the administrator, who is defendant herein. He wrote him in regard to the note, and received an answer to the effect that the deceased was only security upon the note, that if the principal did not pay, the administrator would, and requesting that no costs be made. The administrator, in this letter, informed the attorney that the principal in the note was absent from home, and that he proposed to see him upon his return, and would communicate the result of the interview. He also requested that no suit be brought on the note until the attorney should hear from him again. The attorney received no further communication from the administrator. The attorney states that he delayed filing the note as a claim against the estate, on account of the contents of this letter. In our opinion the circumstances of the case are such as to entitle plaintiff to relief. His attorney had good reason to rely upon the

promises of the executor and to comply with his request not to institute proceedings upon the note. He was justified in the inference that the administrator would pay the note, if it was not settled by the security, and would, for the protection of the estate, urge payment by him. It would be inequitable to defeat plaintiff of his remedy on account of delays which were, in fact, indulgence to defendant at his own special request. This view is not in conflict with the prior rulings of this court under the section of the statute now before us. See *Brewster* v. *Kendrick*, 17 Iowa, 479.

It must not be overlooked that the record shows that the estate remains unsettled, and that there are sufficient assets in the hands of the administrator to pay all of the indebtedness of the estate, including plaintiff's claim.

II. Several objections were made to the introduction of evidence by defendants, and the rulings thereon are assigned as error in this court. The attorney of plaintiff, holding the claim, was permitted to testify that he did not know of the death of decedent when he received the note. It is claimed that this evidence is immaterial, as it does not fix want of knowledge of the fact by the plaintiff. We may concede that the evidence is immaterial, and ought to have been excluded, but we are unable to see that any prejudice could have resulted to defendants from its admission. The fact of knowledge possessed by plaintiff of the death of the maker of the note would not, if shown, have changed the result of the case. The fact upon which the judgment of the court was based is the delay granted defendants at their request. This court will not reverse a judgment on account of erroneous rulings from which it appears no prejudice could have resulted.

*2. PRACTICE: error without prejudice.*

III. The same witness was permitted to state, in response to the question why he did not sooner file the claim, that he was induced to delay on account of the

Brayley v. Ross.

letter written by defendant, which is above set out. Counsel for defendant claim that the reason of *one* attorney would not necessarily be the reason of the firm, composed of two, who had charge of the business, and on that ground object to the evidence ; but it appears that the attorney testifying was charged with the business, and had control of it. He could well speak of the reasons inducing this action of the firm in regard to it.

IV. The letter of the administrator above referred to was objected to when offered in evidence, on the ground that it was not signed officially or by the administrator, and that, even had it been so executed, it could not have prejudiced the rights of the estate. It may be admitted that the letter is not binding against the estate, yet it cannot be denied that, if it was sufficient to induce plaintiff's attorney to delay proceedings on the note, it is proper evidence to establish that fact. We have seen that it did have that effect, and it was therefore properly received in evidence.

V. Defendant's counsel objected to the introduction of the letter of the administrator in evidence, because the letter, to which it was a reply, was not called for by the plaintiff and put in evidence.

3. EVIDENCE: letters.

This may be the rule, if the first letter is necessary to the understanding of the one offered, or will aid in the better understanding of it; or where it appears that the answer may be misunderstood without the letter to which it is a reply being read. But if the letter offered in evidence contains distinct and independent propositions, or statements of facts, which cannot be misunderstood if read alone, and are in no way dependent upon the first letter, we are of the opinion that it is admissible without the condition suggested by counsel. The letter in question is of this character, and the court correctly ruled in admitting it against defendant's objection. The letter, to which the administrator's is an answer, could have been introduced by

defendant under Revision, section 3992, which provides that, " when a part of an act, declaration, conversation or writing is given in evidence by one party, the whole, on the same subject, may be inquired into by the others ; thus, when a letter is read, all other letters on the same subject, between the same parties, may be given." Under this provision, the defendant could have availed himself of any benefit to which he may have been entitled from the letter of plaintiff's attorney, and could have protected himself from any prejudice that may have resulted by reading his own letter without the other being before the jury.

The judgment of the circuit court is

Affirmed.