### BALDWIN v. DOUGHERTY.

1. **Practice:** MOTION TO STRIKE: WAIVER. The filing of a demurrer, after a motion to strike an amended petition had been overruled, waives the right of exception to any error in the ruling upon the motion.

2. **Administrator:** DELAY IN FILING CLAIM: EQUITABLE RELIEF. Where an administrator had written to a creditor, resident in a distant State, that in filing his claim against the estate he had complied with the requirements of the statute, and had subsequently written to the executor of the creditor, conveying by implication the assurance that the claim would be paid, whereupon the executor failed to prove up until eighteen months had expired from the time of granting administration: *Held*, that the circumstances entitled the plaintiff to equitable relief, and that the bar of the statute should be removed.

*Appeal from Bremer Circuit Court.*

FRIDAY, JUNE 19.

THIS is an action or proceeding in the Circuit Court to establish a claim against the estate of O. F. Avery, deceased, of which the defendant is the administrator. The claim is based upon a promissory note executed by said decedent in his life time for the sum of $2460.00. There was a judgment for the plaintiff, ,from which the defendant appeals. The facts appear in the opinion.

*Gray, Dougherty* & *Gibson*, for appellant.

*G. C. Wright* and *H. P. Brown*, for appellee.

MILLER, CH. J.—On the 7th day of June, 1870, E. C. Dougherty was duly appointed administrator of the estate of O. F. Avery, deceased, and notice of such appointment was published from June 23d, 1870, until the 14th day of July following. On the 14th day of October, 1871, the plaintiff filed in the clerk's office of the Circuit Court of Bremer county a duly attested copy of the last will and testament of Jeremiah Meacham, deceased, of Susquehanna county, Pennsylvania, and also at the same time filed an account of the indebtedness of O. F. Avery to said.deceased upon a promissory note made by said Avery to said Meacham, for $2,460, with interest, which account was duly verified.

On the 12th day of September, 1873, notice was served upon the defendant that the claim of the plaintiff would be presented to the Circuit Court for allowance at its November session, 1873.

At the term of court named in the notice the defendant appeared and filed an answer, in which he pleaded that the claim was barred because the same had not been proved and allowed within the time required by law, whereupon the cause was continued, and at the next term of the court the plaintiff filed an amendment to his petition, as follows: "Your petitioner, A. Baldwin, executor of the estate of Jeremiah Meacham, late of Susquehanna county, Pennsylvania, deceased, states the following facts as additional to his claim filed in this action: That he is a citizen and resident of the State of Pennsylvania; that he is the executor of the last will and testament of Jeremiah Meacham, who died in the county of Susquehanna, in said State of Pennsylvania, on or about the 24th day of February, 1871, leaving a will in which the said Alfred Baldwin was named executor; that on the 27th day of February, 1871, said will was admitted to probate, and your petitioner duly qualified as executor thereof as provided by law; that when he came into the possession (as such executor) of the property, books, and papers of the said estate, he found among the papers of the said Meacham a letter or communication in writing, from the defendant, dated November 8th, 1870,—and which had been received by W. J. Turrell, an attorney of the

said Jeremiah Meacham in his lifeteme—in which the said defendant stated that he had received a copy of the note given by O. F. Avery to Jeremiah Meacham, and that the attestation to the same was sufficient—meaning thereby to cause the said Jeremiah Meacham to understand that *that* attestation was all that was necessary to be done by him, by the statutes of Iowa, in order to prove up said claim. Said letter being in words and figures following:

'WAVERLY, IOWA, Nov. 8, 1870.

W. J. TURRELL, Esq.

*Dear Sir:*—Yours enclosing copy of note given by O. F. Avery to Jeremiah Meacham, received.

I believe the attestation is sufficient. I cannot yet tell the exact "situation" of the estate. There have been more claims filed against the estate than I was expecting, and consequently real estate will have to be sold before they can be paid.

Very Respectfully, etc.,

E. C. DOUGHERTY,
Admr. of Estate of O. F. Avery, dec'd.'

That upon inquiry I learned that the copy of the note for which this claim is based, had been forwarded to the administrator; that the letter above mentioned and written, was in regard to the same, and that I was informed and believed that the said note had been filed and approved as provided by the laws of Iowa.

That afterwards, to-wit: in August, 1871, I received a letter from said administrator, in regard to said claim, which letter caused me to believe, and I did believe that said claim had been filed and approved in the Circuit Court of the county of Bremer, in the State of Iowa.

(This letter is in words and figures following:)

'WAVERLY, IOWA, August 7, 1870.

A. BALDWIN, Esq.

*Dear Sir:*—Yours of July 26th, received. The property belonging to the estate of O. F. Avery, deceased, consists of real estate, notes and mortgages; the mortgages are not yet

due; some will be due this next fall. It is slow work collecting notes and mortgages, and there is but little real estate that can be sold at present without sacrifice.

I cannot tell how soon I can settle the business of the estate. Will do so as fast as possible.

Yours truly,

E. C. DOUGHERTY,

Administrator of the Estate of O. F. Avery, deceased.'

That I made inquiries of attorneys at law in the State of Pennsylvania, upon the statements in the letters above referred to, if anything more was necessary in order to prove up the claim, and was informed that the law had been complied with, and that it was probable that the law had been fully complied with. And was also informed by parties in Iowa, by letters, that it would be necessary to file a statement or showing of my appointment as executor, which I did, and was *not* informed that anything further was necessary—whereby I was misled and did not prove up within 18 months, except by my own oath.

(This last letter referred to is as follows, to-wit:)

'WAVERLY, IOWA, Sept. 25, 1871.

A. BALDWIN, Esq., Montrose, Pa.

*Dear Sir:*—I take the liberty to inform you that the claim of Jere. Meacham, against the estate of O. F. Avery, has never been filed with the Clerk of the Circuit Court, which is the Court of Probate in this State.

I enclose you blank form for claim, with affidavit attached, which will have to be filled out and filed here with the Clerk, and in order that you can collect from the estate, I think you will have to file duplicate letters of administration, showing that you are the executor of Jere. Meacham's estate.

The laws of Iowa are such that all claims against an estate must be brought in the manner above stated within one year and a half from the time of granting administration, otherwise they are barred and are uncollectible. In this case your claim will have to come in soon, for the year and a half will

soon expire. You will please excuse me for this liberty on my part, as I thought perhaps, you were not aware but that the claim was already in proper shape.

Very respectfully,

D. A. MOREY.

P. S.—Have you sent receipt to the executor of G. W. Avery's estate, to be signed by same in order to draw the five hundred dollars reported due?          D. A. M.

A. BALDWIN, Ex'r in the estate of Jeremiah Meacham, dec'd.'

That the said estate of O. F. Avery is justly indebted to the estate of Jeremiah Meacham, in the sum of Two Thousand Four Hundred and Sixty Dollars, with interest annually at 8 per cent from July 10, 1866, and interest on each year's interest from the time the same becomes due, at the rate of six per cent until paid.

Your petitioner therefore asks that the claim heretofore filed in this cause be allowed by this Honorable Court as a claim against the estate of O. F. Avery, and that he may have such other and further relief as may be just and equitable.

G. C. WRIGHT,
Attorney for Plaintiff."

This amended petition was duly verified. Defendant filed a motion to strike out the amended petition, because: "1st. The same was irrelevant and redundant; 2d. The defendant would be prejudiced by being compelled to admit or disprove the same."

This motion was overruled, and the defendant thereupon demurred to the amended petition, which the court also overruled. These rulings are assigned as error.

I. There was no error in the overruling of the motion to strike out. The amended petition was not irrelevant or redundant. The matter stated therein was relevant, and if the facts set up were insufficient, a demurrer was the proper remedy. More than this, appellant waived the error, if there had been any in the ruling on the motion, by filing his demurrer.

Baldwin v. Dougherty.

We come now to the question whether there was error in overruling appellant's demurrer, or in other words, whether the amended petition does, or does not, state and show such peculiar circumstances as entitle the plaintiff to equitable relief under section 2405 of the Revision. We are of opinion that the circumstances shown in the pleading are such as entitle the plaintiff to equitable relief, and therefore remove the bar of the statute. The debt is a just one; no part of it has ever been paid. The Avery estate is still unsettled, and able to pay the claims against it. The letter of the defendant, signed in his representative capacity, to W. J. Turrell, Esq., of date Nov. 8, 1870, acknowledging the receipt of the note in suit, and expressing his opinion that the attestation thereto was sufficient, and his letter to the plaintiff of August 7th, 1870, were abundantly well calculated to give the plaintiff, who was a resident of a distant State, the impression that the claim was sufficiently proven under the laws of Iowa, and would be paid when the assets of the Avery estate could be collected. The account of plaintiff's claim, verified by his own oath, with the note on which the claim is based, was sent to the defendant in his capacity as administrator, within four months after he had published notice of his appointment. The delay of the plaintiff to make further proof of the claim, it is manifest, was caused by the defendant's letters, which, as already remarked, were well calculated to lead plaintiff to believe that no further proof, or allowance of his claim was necessary. See *Brayley v. Ross*, 33 Iowa, 505, and cases cited.

The judgment of the Circuit Court is

AFFIRMED.