Pettus v. Farrell, Adm'x.

1. **Administrator:** BARRED CLAIM: EQUITABLE RELIEF. Plaintiff's attorney held a claim of the fourth class against the estate, and, at the request of another attorney, whom he had good reason to believe was authorized to speak for the administratrix, delayed proving the same within the year provided by section 2421 of the Code; but as the delay was slight, and the estate was solvent and unsettled, and there was no counter-equity arising, *held* that these facts entitled plaintiff to equitable relief as against the bar of the statute.

2. **Verdict:** SPECIAL: JUDGMENT ON. In this case the court held that the claim was barred and hence directed the jury to find a general verdict for the defendant, but the jury was also required to answer certain special interrogatories, and the answers given, so far as they went, were favorable to plaintiff, but to one question vital to the defense the jury answered "we do not know." *Held* that although the court erred in holding the claim barred, yet plaintiff was not entitled to judgment in this court on the special verdict, but only to a new trial in the court below.

*Appeal from Lee Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION upon an account. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*Hagerman, McCray & Hagerman,* for appellant.

*D. N. Sprague,* for appellee.

ADAMS, J.—The account was contracted by the defendant's intestate, and was for liquor sold him. The defendant for answer averred among other things that the claim was barred by the statute of limitations, because the same was not filed and proved within one year from the giving of notice of administration.

1. ADMINISTRATOR: barred claim: equitable relief.

The fact appears to be that the notice was given on the 26th day of May, 1879; that the claim was filed on the first

day of March, 1880, but not in time to be proved earlier than the June term of that year, as that was the first term for which notice could be. given after the filing of the claim. Under section 2421 of the Code, and the repeated rulings of this court, it is manifest that the claim was barred, unless peculiar circumstances are shown which entitle the plaintiff to equitable relief. The plaintiff pleaded and proved certain circumstances upon which he relies as sufficient to entitle him to such relief. The court held that they were insufficient and instructed the jury to find for the defendant. The ruling of the court in this respect is assigned as error.

The evidence shows, and the court found, that the plaintiff's attorneys received the claim for collection in December, 1879; that upon receipt of the claim they prepared a notice for the administratrix to appear at the March term, 1880, which would have been in due time; that they were induced, however, to delay filing the claim and serving the notice by a request of one Gibbons, a member of the Lee county bar, who requested that no costs should be made, and promised to see the administratrix with a view to an adjustment of the matter; that Gibbons had never been specially employed in respect to this claim, but had been employed to some extent by the administratrix in behalf of the estate. It further appears that the estate is solvent and unsettled.

The foregoing are in substance the facts upon which the plaintiff relies for equitable relief, and the question presented is as to whether they are sufficient.

It should be observed that the delay in this case was very slight. The claim was filed and notice served nearly three months before the expiration of the year. And while it is true that this was not·done in time to prove the claim within the year, yet the term at which it was provable commenced within a few days after the expiration of the year. Again, the estate is solvent and unsettled. Such a fact is mentioned in *Brayley v. Ross*, 33 Iowa, 507, as a circumstance which should be allowed its influence. Where such is the case it is

manifest that a court is justified in granting relief upon slighter circumstances than it would be in a different case. No counter-equity arises. The defendant's sole reliance is the technical bar.

We proceed then to inquire into the grounds upon which the plaintiff seeks relief. His attorneys made a mistake. They delayed under the supposition that they were accommodating the estate in compliance with the request of the administratrix's attorney. Perhaps no great diligence was necessary to save them from such mistake; but we assume that Gibbons was a reputable attorney and entitled to ordinary professional confidence. Now, when he made a request in behalf of the estate he impliedly assumed to represent it, and this assumption, together with the knowledge possessed by the plaintiff's attorneys that Gibbons had been employed in behalf of the estate to some extent, we think, was a sufficient excuse for their slight delay.

Having reached the conclusion that the claim is not barred, we have to inquire whether the plaintiff is entitled to judg-

2. SPECIAL verdict: judgment on. ment. He insists that he is. He predicates his right upon the special verdict of the jury. Notwithstanding the jury was instructed to find a general verdict for the defendant, they were directed to answer certain interrogatories and the answers given were favorable to the plaintiff so far as they went, and it is claimed that they would have led to a general verdict for the plaintiff but for the instructions given on account of the supposed bar of the statute. The defendant denies that the answers as they stand would have led to such verdict, because they are not complete, and one of the issues tried was not passed upon by the jury.

The defendant averred that the liquor for which the account accrued was sold with intent to violate the laws of Iowa. By one of the interrogations propounded the jury was required to find whether the liquor was sold with such intent, and the answer given by the jury was: "We do not know the intent."

Pettus v. Farell.

The plaintiff does not claim that this was equivalent to finding that there was no such intent as alleged, but was equivalent to leaving the question unanswered, and being unanswered the defense based upon the alleged intent was not made out.

If the general verdict had been for the plaintiff, there would certainly not be enough in the special verdict to entitle the defendant to have the general verdict set aside. The burden was upon her to establish the alleged defense. Her only means, in such case, of making out her defense, would have been to ask the court to require the jury to answer the interrogatory respecting the alleged intent. It is possible, that while they preferred to evade it, they might, if required to answer it, have felt constrained to answer it in the affirmative. And, notwithstanding the general verdict was in her favor, she might, perhaps, in anticipation that the instruction directing the general verdict would be held erroneous, have required that the issue respecting the alleged intent be specially passed upon, so that if the finding thereon should be in her favor she would, notwithstanding the error in the instruction, if any, directing the general verdict in her favor, be still entitled to a general verdict. The question is, was she bound, in anticipation that the instruction might be held erroneous, to undertake to save her rights by securing a special verdict in her favor respecting the alleged intent, and having failed to do so, is she now bound by the incomplete special verdict which leaves a material issue tendered by her wholly undetermined?

It appears to us that her case is not different from what it would have been if there had been no special verdict of any kind. The plaintiff, then, does not appear to be entitled to judgment upon the special verdict, and the case must be remanded for another trial.

REVERSED.