I. G. URY, Appellee, v. ANNA M. BUSH, Executrix,. Appellant.

1. **Estates of Decedents**: FILING OF CLAIMS: STATUTE OF LIMITA-
TIONS: EQUITABLE RELIEF. The plaintiff being the owner of a
promissory note assigned to him by B., the defendant's testator, in
his lifetime, caused a verified petition, for the commencement of an
action thereon, to be prepared soon after the death of B., and delivered
to a firm of attorneys, with the understanding that proper action
would be taken by them for the collection of said claim. The said
attorneys were at the time counsel for the defendant, were guarantors
upon the note, and one member of the firm was the son-in-law of the
defendant, which facts were known to the plaintiff. For the purpose
of giving the defendant, who was the sole owner of said estate,
longer time in which to pay said note, and to enable her to raise
money by mortgage for the payment of other claims against the
estate, and partly to avoid giving publicity to what was deemed a
family matter, the attorneys delayed filing said petition for nearly
two years after the same was received, but the defendant knew the
same was in their possession, and gave assurances from time to time
that said claim would be paid. Finally, the defendant having taken
the position that said note should be paid by her daughter, the wife
of one of said attorneys, the petition was delivered by said attorneys
to another attorney to prosecute. Until such time the plaintiff
understood that his claim had been properly filed, he resided in a
distant state, and had been frequently assured by said attorneys that
the note would be paid. *Held*, that the facts entitled the plaintiff to
equitable relief from the provisions of section 2421 of the Code, that.
all claims of the fourth class not filed within twelve months after
notice of administration shall be barred.

2. ———: PETITION ADDRESSED TO WRONG COURT: WAIVER. The
plaintiff's petition was addressed to the circuit court, which at the
time the petition was prepared had jurisdiction of matters in probate.
At the time the petition was filed the circuit court had been abolished,
and the district court had succeeded to its probate jurisdiction, and the
petition was filed in the district court without change in the address.
*Held*, that the error, if material, was waived by the failure of the
defendant to make objection thereto in the district court.

3. ———: PROMISSORY NOTE: INDORSEMENT: GIFT: LIABILITY. The
note in question was indorsed by the defendant's testator in blank,
and delivered to his daughter for the purpose of enabling her to raise
money to meet pressing demands. *Held*, that, it appearing that the
note would not be due for nearly five years after the daughter
received it, it must be presumed that it was the purpose of both the
testator and his daughter that the money should be raised by selling

or pledging the note, and the plaintiff having acquired the note by purchase in fulfillment of such purpose, he was entitled to rely upon the testator's indorsement.

4. ———: FILING OF CLAIMS: EQUITABLE RELIEF. The filing of the final report of an executor, of which no notice has been given, nor upon which any action has been taken, will not preclude the allowance of a claim subsequently filed, and entitled to equitable relief.

*Appeal from Dubuque District Court.*—HON. JOHN J. NEY, Judge.

### FRIDAY, MAY 27, 1892.

PROCEEDINGS to establish a claim against the estate of John D. Bush, deceased. From a judgment allowing the claim the defendant appeals.—*Affirmed.*

*Alphons Matthews* and *Henderson, Hurd, Daniels & Kiesel*, for appellant.

*James H. Shields*, for appellee.

ROBINSON, C. J.—On the first day of April, 1886, Raymond Patterson and Harry B. Layton made to John D. Bush their promissory notes to the amount of seventeen thousand, five hundred dollars. One of those, for three thousand dollars, with interest at eight per cent. per annum, payable five years after its date, was indorsed by the payee, and given to his daughter, Mrs. Anna M. Utt. She sold it to the plaintiff in May, 1886, for the sum of three thousand dollars. Bush died testate in August of that year, and administration of his estate was granted to the defendant in the month of December following. In November, 1886, the plaintiff signed and verified a petition, to which a copy of the note in question was attached, in which he alleged that the decedent was indebted to him by reason of the indorsement of the note, and that the debt was wholly unpaid. The petition was addressed to the circuit court of Dubuque county, and was left with the law firm of Utt Bros. In October, 1888, it was filed in the

district court, and on the next day a paper containing an equitable amendment to the petition was filed, in which facts relied upon as entitling the plaintiff to equitable relief were pleaded. To the petition as amended the defendant filed an answer, and the cause was then tried as in equity, and the claim was allowed as of the fourth class, under section 2420 of the Code. It is not denied that the claim, if valid as against the estate of the decedent, belongs to that class. Section 2421 provides that all claims of the fourth class, not filed and proved within twelve months of the publication by the executor of the notice of his appointment, "are forever barred, unless the claim is pending in the district or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief."

The circumstances upon which the plaintiff relies to take the case out of the statute are substantially as follows: He had been acquainted with W. H., Nathan E., and J. B. Utt—at one time members of the firm of Utt Bros.—since they were boys. J. B. Utt had married Anna M., the daughter of Bush. In the first part of the year 1886, J. B. Utt was sick, and appears to have been in urgent need of money. His wife applied to her father for assistance, and, after several requests, the note in suit was given to her by her father, to be used for the purpose of raising money. She at once took it to the office of Utt Bros., and asked Nathan to write to the plaintiff, and obtain money on it. After some correspondence the plaintiff purchased the note as stated, W. H.. and N. E. Utt, Utt Bros., and Anna M. Utt guarantying its payment. When he heard of the death of Bush he went to Dubuque, and prepared the original petition filed in this case, leaving it with Utt Bros., with the understanding that it should be duly presented and allowed, but, at their suggestion, taking the note back to California, where he then resided. Utt Bros. had been attorneys for Bush from

about the year 1882, and acted as attorneys for the defendant after his death until about the time the claim of the plaintiff was filed in the district court. The fact that the claim was left with them for attention was well known to the defendant. She was not only the executrix of the estate, but its sole owner under the will of her husband, subject to claims against it for his debts. The estate consisted chiefly of real estate, and the claims against it amounted to over sixty thousand dollars. The real estate did not sell readily, and considerable effort was required to raise money to meet the claims which were most pressing. The claim of the plaintiff was not filed for several reasons, among which were the following: The defendant wished for as much time as possible in which to meet it, on account of the difficulty she experienced in raising money. It was not filed, in order that money might be more readily procured to pay other debts. The defendant, or her son, Charles T. Bush, acting for her, gave assurance repeatedly that the claim would be paid. It was regarded to some extent as a family matter, and persons other than the plaintiff, who were interested, desired to avoid the publicity which would result from filing it. The plaintiff did not know that his claim had not been properly attended to until a short time before it was filed. At about that time the defendant appears to have adopted the theory that the note was not a proper claim against the estate, or that Mrs. Utt should be made responsible for it, and when that fact was made known to Utt Bros. the claim was placed in other hands for collection.

It is contended that the relation of Utt Bros. to the estate was such that the plaintiff had no right to expect them to file the claim for him and secure an allowance of it. But it appears that they acted in all that they did in good faith, and in all important matters with the knowledge of the defendant.

1. ESTATES of decedents: filing of claims: statute of limitations: equitable relief.

The claim was not disputed at first, and no objection was made to what they did in regard to it. When it was questioned they at once surrendered it to another attorney. Until that time the plaintiff understood that the claim had been properly filed, and we are of the opinion that there was so much ground for his understanding that he was not negligent under all the circumstances in not knowing the fact. He had been diligent in preparing the proof of his claim, and had placed it in the hands of the attorneys of the defendant for further attention. He resided in a distant state, and was frequently assured by Utt Bros. that his claim would be paid. They delayed filing it for the benefit of the defendant, and of the estate. No one but the plaintiff has been prejudiced by the delay. The assets of the estate exceed its liabilities in the sum of nearly one hundred thousand dollars. The notes of Patterson and Layton, of which the note in suit was one, were given as a part of the purchase price of newspaper property in Dubuque. After the death of Bush an arrangement was made between the defendant and the purchasers, by which they were to surrender their interest in the property, and were to receive in return their notes, including the one in suit. The arrangement was carried into effect, excepting as to the note of the plaintiff, and as to that, assurance was given that its makers should not be held liable for it. The estate has therefore received a benefit on account of it. We conclude that the facts excuse the delay in filing the claim, so far as the plaintiff was responsible for it. It is true there is much conflict in the evidence, and some of our conclusions as to the facts are denied, but we are of the opinion that they are supported by a preponderance of the competent evidence. Each case of this kind must be determined according to its own facts, but the conclusion we have reached has support in the following

cases: *Lamm v. Sooy*, 79 Iowa, 598; *Orcutt v. Hanson*, 70 Iowa, 604; *Pettus v. Farrell*, 59 Iowa, 296; *Wilcox v. Jackson*, 57 Iowa, 278, 285; *Baldwin v. Dougherty*, 39 Iowa, 50; *Burroughs v. McLain*, 37 Iowa, 190; *Johnston v. Johnston*, 36 Iowa, 608; *Brayley v. Ross*, 33 Iowa, 505; *Brewster v. Kendrick*, 17 Iowa, 480; *McCormack v. Cook*, 11 Iowa, 267.

II. It is said the petition was fatally defective because addressed to the circuit court. That court was

*2. ——: petition addressed to wrong court: waiver.* in existence when the claim of the plaintiff was verified and left with Utt Bros., and had jurisdiction of probate matters. It ceased to exist on the first day of January, 1887, at which time the district court succeeded to its jurisdiction in such matters. The claim was filed without changing the formal address. Section 2409 of the Code requires that claims filed against an estate be entitled in the name of the claimant against the executor, naming him as the executor of the estate, naming it. That provision was complied with by the plaintiff. The omission to substitute the word "district" for "circuit" in the address was a formal error to which no objection was made in the district court. It was filed in the only court which had jurisdiction of the matter to which it related, and was there treated as sufficient. The error, if material, must be deemed waived by the failure to make objection in due time. The cases of *Jordan v. Brown*, 71 Iowa, 421, and *Garretson v. Hays*, 70 Iowa, 19, arose under a different statute; and involved facts unlike those in this case, hence cannot be regarded as applicable. We think the petition in this case sufficient in the absence of objection made at the proper time.

III. The indorsement of the note in suit made by Bush was in blank. It is said that, as the note was a

*3. ——: promissory note: indorsement: gift: liability.* gift, the indorsement was effectual only to transfer title to the note, and created no liability of an executory character. It

clearly appears that the note was given to Mrs. Utt for the purpose of raising money on it with which to meet pressing demands. It was not due for nearly five years after she received it, and it must have been the purpose of both Bush and his daughter that the money should be raised by selling or pledging the note. The purpose of the gift was not accomplished until the note had been transferred to the plaintiff. By the purchase and transfer he acquired a right to rely upon the indorsement, and it must be regarded as valid. Evidence was submitted on the part of the defendant to show that Bush intended the indorsement to be without recourse, but there is no pretense that the plaintiff knew that fact when he purchased the note.

IV. It is said that the estate had been fully settled when the claim was filed, and therefore that it should not be allowed. It is true the defendant had made what she designated to be her final report as executrix, and that she claimed the estate had been fully settled, but the report had not been acted upon by the court, and it does not appear that notice of it had been given or waived. As the claim of the plaintiff was a valid one, the estate cannot be deemed settled. *Van Aken v. Clark*, 82 Iowa, 256. A part of the real estate which belonged to the estate has been sold, and a part has been mortgaged, to obtain funds for use in settling the estate. The allowance of the claim of the plaintiff must necessarily be subject to the rights of persons who have purchased real estate or taken real estate mortgages in good faith, without knowledge of the rights of the plaintiff.

4. —: filing of claims: equitable relief.

We find that the allowance of the claim of the plaintiff was fully warranted by the law and the facts. The judgment of the district court is AFFIRMED.