O. J. PEARSON, *et al.*, Appellants, v. L. B. CHRISTMAN, Administrator, Etc.

**Estates of Decedents: CLAIMS.** A claim was filed in due time and about six months to spare. It is claimed to have been lost in the clerk's office. It was known that it was disputed. *Held*, a second claim filed a year later should not be allowed.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

MONDAY, FEBRUARY 4, 1895.

This is a proceeding to establish a claim against the estate of John Christman, deceased. There was a full hearing on the evidence, and the claim was not allowed. Plaintiffs appeal.—*Affirmed*.

*Thompson & Stuart* for appellants.

*Davis & Voris* for appellee.

Rothrock, J.—The plaintiffs are officers of Springville Lodge of the Independent Order of Odd Fellows. John Christman was a resident of Springville, at which place he died, in the year 1889. The defendant was appointed one of the administrators of the estate of deceased, and notice of administration was given in the month of December, 1889. The present claim was filed in the court below on the fourteenth day of August,

1891. The trial by which it was sought to prove the claim was held in the District Court in May, 1893. The claim is one which our statute designates as of the fourth class. Section 2421 of the Code is as follows: "All claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid are forever barred unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief." The claim was filed more than one year after notice of administration was completed, and the bar of the statute attached, unless it appears from the evidence that there were peculiar circumstances which entitle the claimant to equitable relief. It is urged that the claim was actually filed within one year, but that it was lost from the office of the clerk of the District Court. The defendant disputes the fact that any such claim was filed. However that may be, we can discover no reason why the filing of the claim upon which the trial was had was delayed until August, 1891. A number of terms of the District Court intervened between the alleged first filing and the filing upon which the trial was had. All of the parties interested reside in or near Springville, in Linn county; and the claimants knew that the claim was disputed, and would not be allowed and paid without being established as a valid claim, by an order of court. We do not think that there was any error in disallowing the claim. This disposition of the case renders it unnecessary to dispose of other questions discussed by counsel. The judgment of the District Court is *affirmed*.