H. L. HENRY v. F. J. DAY, Administrator, Appellant.

**Filing Claims:** STATUTORY TIME: *Misrepresentations of executor.* Where the owner of a note against decedent was induced to withhold the filing of his claim by the false and fraudulent representations of the executor that decedent's estate was insolvent, and the estate is still unsettled, a court of equity will permit the filing of the claim, notwithstanding the statutory time therefor has expired.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, OCTOBER 4, 1901.

A petition in equity was filed in the district court asking permission to file and have heard a claim against an es-

tate. The petition was granted, and a hearing ordered. The defendant appeals.—*Affirmed.*

*H. J. Chambers* for appellant.

*Stone & Tinley* and *A. W. Askwith* for appellee.

SHERWIN, J.—The plaintiff's claim against the defendant is a promissory note executed to him by the decedent, George Metcalf. It was not filed against the estate within the statutory time, and the plaintiff in this action asks leave to file the same, and to have a hearing thereon, and alleges that soon after the appointment of the defendant as administrator he saw him personally in relation to his claim, and was by the defendant told that the estate of George Metcalf was insolvent, that it could not pay any claims of this class, and that it would be useless to file it. The plaintiff says that he relied upon the statement so made to him; that it was untrue, and fraudulently made; and that the plaintiff did not learn that it was untrue and fraudulent until shortly before commencing this action. The record conclusively shows that the estate of George Metcalf was solvent when it passed into the hands of the defendant for administration, and that he had knowledge of the fact that the estate could pay all claims against it if the assets thereof, or what then appeared to be legitimate claims in favor thereof, could be reached. There can be no possible question that the defendant so understood affairs at the time it is alleged he made statements to the contrary to the plaintiff. Without going into the details of the evidence offered in support of the plaintiff's contention, we say that we think the trial court was justified in finding that the statement was made to the plaintiff by the defendant substantially as claimed by the plaintiff, that it was false, and that it was fraudulent as to the plaintiff. If the plaintiff was induced to withhold the filing of his claim by the false and fraudulent representations of the administrator as to the value of his decedent's estate, it

should follow as a corollary that he should be permitted to file it, and have it heard, whenever it is discovered that a wrong has been done him, and a court of equity should not hesitate a moment to so declare. It is seldom that a wrong is done by requiring estates to pay their just debts, and when the legislature fixed the limitation for filing claims against an estate it was not its purpose to aid executors or administrators in defeating just claims by questionable methods. See *Pettus v. Farrell*, 59 Iowa, 296; *Ury v. Bush*, 85 Iowa, 698; *Brewster v. Kendrick*, 17 Iowa, 479. This estate is unsettled and solvent, and it has been repeatedly held by this court that this fact should have weight in passing upon these questions. We have some doubt whether the order made in this case can be appealed from, but do not decide the question as the case has been submitted on its merits. The order is AFFIRMED.