129    719
132    225

L. L. Mosher, Appellant, v. D. J. Goodale, et al., Administrators of the estate of H. C. J. Goodale, Deceased.

Estates of decedents: claims: limitation. In the absence of circumstances entitling the claimant to relief, a claim against an estate is barred, unless filed and notice thereof served within twelve months from the giving of notice of administration.

Administrators: notice: direction to publish. It is not necessary that the direction of the clerk to publish notice of the appointment of an administrator be made a matter of record; if properly endorsed on the letters of administration it is sufficient to authorize publication of the notice, even if the direction recites that it is pursuant to the order of court.

Claims: limitation: equitable relief. Although a claim against an estate is barred, because of failure to file the same and serve notice thereof within the statutory period, it may still be allowed by showing such equitable circumstances as will excuse the default. The circumstances shown are held insufficient to excuse the default.

*Appeal from Warren District Court.*— Hon. J. H. Applegate, Judge.

Thursday, February 15, 1906.

Appeal by plaintiff from an order of the court disallowing his claim against the estate of which defendants are administrators.— *Affirmed.*

*H. McNeil, W. F. Powell,* and *Bowen, Brockett & Weldy,* for appellant.

*Berry & Watson,* for appellees.

McClain, C. J.— Letters of administration on the estate were issued to defendants on June 3, 1903, and on the

back of the letters thus issued was indorsed a certificate signed by the clerk of the district court reciting that " it is hereby ordered and directed by the district court that " the administrators give notice of their appointment by publishing notice thereof for three consecutive weeks in a certain newspaper named. To this certificate the seal of the court was affixed. Publication was duly made as provided in this order, the first publication being on June 4th and the last on June 18th, and on June 18, 1904, appellant filed his claim, notice of which was placed in the hands of the sheriff for service on defendants August 16, 1904, and served on August 18th. On September 1st the administrators filed a motion to dismiss the claim on the ground that it was barred and that it had been disallowed and that no equitable matters pleaded therein entitled claimant to relief. Thereafter plaintiff resisted the dismissal of his claim on the ground that there had been no publication made as required by law of the granting of letters. Thereupon the court sustained the motion so far as it related to the bar of the statute, but gave plaintiff time in which to set up the equitable circumstances relied upon by him. After a hearing on the merits as to the sufficiency of the equitable circumstances set up by plaintiff, the court found against him and denied his claim. Two questions are presented: First, the sufficiency of the publication; and, second, the sufficiency of the grounds shown for equitable relief, notwithstanding the bar of the statute.

I.   Under Code, section 3349, plaintiff's claim was barred (in the absence of peculiar circumstances entitling him to equitable relief) unless it was filed and notice thereof

1. ESTATES OF DECEDENTS: claims: limitations.

served within twelve months from the giving of notice by publication of the issuance of letters of administration. As a matter of fact, the claim was not filed within twelve months after publication of notice and notice of the claim was not placed in the hands of the sheriff for service nor actually served until the expiration of more than fourteen months from the publication of

notice; so·that, without regard to equitable circumstances, the claim was barred if the publication of the notice was such as required by law. The contention of counsel for appellant is, however, that the indorsement on the letters of administration of the order or direction for publication of notice was not sufficient, and therefore that the publication was not as required by law.

The provision of the statute is that administrators shall "within ten days after the receipt of their letters publish such notice of their appointment as the court or clerk may

**2. ADMINISTRA-TORS: notice; direction to publish.** direct, which direction shall be indorsed on the letters when issued." Code, section 3304. It is not claimed that there was any recorded order of court with reference to publication of notice, and the sufficiency of publication must depend on whether the indorsement by the clerk on the letters without any other record of such an order is sufficient to sustain the publication, for we have held in *McConaughy v. Wilsey,* 115 Iowa, 589, that the necessary order or direction is not to be presumed from the fact of publication alone, and that the statutory period for filing claims does not commence to run until there is a publication made in compliance with an order or direction such as is required in Code, section 3304. Our attention has not been called, however, to any requirement of statute that such order or direction when made by the clerk is to be entered of record. It may be that under Code, section 250, the clerk may make some orders in probate which should be entered on the records of the court, although the general provisions as to the records to be kept by him seem to relate only to the proceedings of the court itself. See Code, section 287 *et seq.* And in Code, section 3338, he is expressly directed to enter upon the probate calendar the allowance of claims on the approval thereof by the administrator. But it can hardly be contended that, when the clerk is authorized, for instance, to approve bonds relating to probate matters as in Code, sections 3267, 3268, an entry of the fact of such approval is

required to be made in the court records. When such an act as the approval of a bond is directed to be made by the clerk, the indorsement of the approval on the bond itself is certainly sufficient. And it seems to us that the indorsement on letters of administration of a direction as to the notice to be given is all the entry thereof that is required. Such record is all that is required by the language of Code, section 3304, and it would be unreasonable to incorporate into that section by construction, a requirement as to entry on the court records which is nowhere suggested in other sections of the Code relating to similar matters. If the proper indorsement was made by the clerk in this case then we think the publication was authorized.

But it is suggested that the indorsement which was made was an indorsement of a direction by the district court and not by the clerk, and that any order or direction of the court must be entered of record. We do not find it necessary to enter into a discussion of the question elaborated by counsel as to whether any order made by a court can be valid without being entered of record. While the indorsement in this case purports by its recital to be a direction by the court itself, it is signed by the clerk, not by way of certification, but as his own action. Under Code, section 250, the clerk had the power to act for the court in this matter, and under section 3304 he had the power to make the same direction as clerk. We cannot think that it is material that the recital of the indorsement is of an order which he had power to make as a court while his signature shows that he made it as clerk. Whether the direction was made by the clerk acting as court or by the clerk acting as clerk the only requirement is that it shall be indorsed on the letters and such indorsement we think was sufficient.

We reach the conclusion, therefore, that the publication of notice was authorized and that plaintiff's claim was barred in the absence of a showing of equitable circumstances such

as to justify the court in allowing his claim notwithstanding such bar.

II. To show equitable circumstances entitling the plaintiff to have his claim paid, notwithstanding the bar of the statute, he testified to certain conversations with the defendants as administrators in which as he claims defendants asked him not to file his claim, and assured him that it would be paid. The mere promise of an administrator to pay a claim is not sufficient excuse for delay in filing and serving notice thereof. *Davis v. Shawhan,* 34 Iowa, 91; *Colby v. King,* 67 Iowa, 458. But, coupled with a request acted upon by the claimant that the filing of the claim be postponed until after the expiration of the year for filing claims, such a promise might justify the granting of relief to a claimant. But there are several difficulties in the case as plaintiff has attempted to make it out in this respect. The conversations to which plaintiff testifies are more consistent in our judgment with an intention and understanding that the filing be temporarily postponed than that it be postponed until after the end of the year. Plaintiff admits that he did not advise defendants as to the amount of his claim, which as finally filed was for $6,000 for legal services rendered deceased, and says that at the same time of these conversations he did not himself know how much it would amount to, yet if his testimony is to be believed these defendants, who were personally interested to a considerable extent in the ultimate proceeds of the estate as children of the deceased, authorized the plaintiff to postpone the filing of his claim until after the expiration of the year, and until the estate should have been ready for a settlement and distribution without any knowledge as to how much the claim would amount to. The conversations relied upon by plaintiff are said to have taken place in August, October, and November of 1903, and as above indicated the year for filing claims did not expire until June 4th of the following year. At the time these conversations were alleged

3. CLAIMS: limitation: equitable relief.

to have been had the plaintiff was in the employ of defendants as their attorney in the settlement of the estate, but in November plaintiff was discharged as attorney on the ground of misconduct in the management of the business, and from that time on the parties have been hostile to each other. Plaintiff says that some time in the spring of 1904, prior, at any rate, to the time when the claim should have been filed, he attempted to reopen the subject of his claim with one of the defendants, who peremptorily refused to have any conversation with him about it. This in itself should have been sufficient to put plaintiff on his guard and suggest to him that his claim should be filed. But at this time he seems to have been relying on the fact that no order of publication of notice of administration had been given, and therefore delayed the filing of his claim on the theory that the publication was not sufficient.

As we have already said in the former part of this opinion, plaintiff was mistaken in his legal conclusion as to the sufficiency of the notice. On the whole, we doubt whether, even conceding the entire accuracy and reliability of plaintiff's subsequent testimony about these conversations, he has made out a case for equitable relief. But we are not satisfied that his versions of these conversations are accurate and reliable. It seems incredible that an attorney should, after his relations with his client had become hostile, depend on mere conversations of such character as he testified to when he had ample time within which to file his claim. If he had no interest in concealing his claim or the amount thereof, it would have been natural for him to file it and seek to secure its payment. The reason for the request on the part of defendants that plaintiff should not file his claim, as testified to by him, was that defendants were anxious that a certain other claimant should not be stimulated to file a claim; but, after plaintiff had ceased to be defendants' attorney, he had no occasion to concern himself further in defendants' interest in this respect.

Plaintiff's testimony was corroborated as to two of these conversations by the testimony of his wife, who claims to have been present and heard them. Some further corroboration was attempted, but was wholly inadequate as to the material parts of the conversations. On the other hand, each conversation testified to was unequivocally denied by the defendant with whom it was claimed to have been had; that is, it was unequivocally denied as to the portion relating to the promise to pay the claim and requesting postponement. And we finally come, then, to the question as to the credibility of the witnesses. This was a proceeding in probate, triable at law and not in equity (Code, section 3341); but, even though the court, in determining the sufficiency of the grounds of equitable relief recognized by the statute, should be considered as exercising equity powers, so that its conclusion is subject to review on the evidence (a point which we do not now stop to decide), we are justified in giving some weight to the conclusion reached by the trial judge, who heard the testimony of the witnesses and was in position to judge much better than we can as to their credibility and the weight to be given to their testimony, and we have no hesitation, after carefully reading and re-reading the entire testimony as presented in the record, in approving of his finding that plaintiff's showing as to equitable circumstances was not sufficient.

The judgment of the lower court is therefore *affirmed*.