ED S. ANDERSON, Appellee, v. NELLIE MAUD STORIE, Executrix. Appellant.

No. 39459.

OCTOBER 15, 1929.

*Crissman & Linville*, for appellant.

*W. W. Bulman*, for appellee.

WAGNER, J.—The testator, D. Q. Storie, Junior, met his death by the overturning of his automobile on June 21, 1925, and at the same time, and from the same cause, two others riding in the car were killed, and the claimant, Anderson, who was also riding in the car, was injured.

It is conceded that Nellie Maud Storie was appointed executrix of the D. Q. Storie, Junior, estate on the 8th day of July, 1925, and that, on the same date, under the direction of the. court, she posted notice of her appointment as such, and made due return thereof.

The testator held a policy of liability insurance on his automobile with the Iowa Mutual Liability Insurance Company of Cedar Rapids. The policy provides that the company shall, have the exclusive right to contest or settle any claims against the insured covered by said policy.

C. W. Stuart was one of the persons who met his death in the accident, and the administrator of his estate filed a claim against the Storie estate, asking damages. Acting under the provisions of the policy of insurance, the insurance company took charge of the litigation arising on said claim, and employed the law firm of Crissman & Linville, of Cedar Rapids, and J. D. Threlkeld, of Chariton, to represent the executrix in the matter of the resistance of said claim. A trial was had on said claim in January, 1926, and a verdict returned for the executrix, but a motion for a new trial was thereafter sustained by the court.

Since the statutory period provided for by Section 11972 of the Code had expired prior to the filing of claimant's claim and petition in which he asks relief, regardless of the statutory bar, the burden is upon him to allege and prove "peculiar circumstances" entitling him to equitable relief. In other words, the burden is upon him to allege and prove such facts and circumstances as would be a justification for his failure to file and give notice of his claim before the expiration of the statutory period.

We turn to the claimant's petition, and it is therein alleged, in substance, that the estate is unsettled; that the property of said estate and rights and contracts which are subject to the debts of the decedent and of this claim are still intact, undisposed of, not distributed, and obtainable in the hands of the executrix; that the estate has been in no way prejudiced by the failure of the claimant to file and give notice of his claim within the statutory period; that there is on file against the estate, and assigned for trial at the present term of this court, a similar claim, being entitled G. C. Stuart, administrator, v. Nellie Maud Storie, executrix of this estate, which claim has not been allowed, and is being contested by the executrix and a certain indemnity insurance company; that one trial of said claim has been decided in favor of the Storie estate, and the verdict has been set aside, and the case is now ready for retrial; "that the attorney J. A. Penick, for the executrix and for the estate of D. Q. Storie, Jr., deceased, requested this claimant not to file his claim until after a final decision in district court on the similar claim made by the administrator of the estate of C. W. Stuart, deceased, stating that, should it be held in said case that the negligence of D. Q. Storie, Jr., deceased, caused the death of C. W. Stuart, deceased, that, in that event, this claim of E. S. Anderson would be adjusted and paid, and that he preferred that his claim should not be filed until after a decision in district court on the Stuart claim, and stated that this claimant would not be prejudiced in any manner by withholding his said claim from the files; that this claimant relied on said request and said statements of said attorney so made, and so relying, failed to file his said claim until the present time;" that the executrix knew of the statements of her said attorney.

We now turn to the evidence, to ascertain whether the allegations of claimant's petition, or sufficient thereof, have been proven to excuse his failure to file and give notice of his claim within the statutory period. The estate is unsettled, and because of the insurance, the executrix would probably be remunerated for the amount which the claimant might succeed in establishing against the estate. The solvency of the estate and the fact that the estate is unsettled are important matters for consideration in a case of this kind, but, considered alone, are not sufficient to warrant the court in granting the equitable relief. They are im-

portant in connection with other facts and circumstances which, taken together, may be sufficient excuse or justification for the claimant's delay. In *Roaf v. Knight*, 77 Iowa 506, this court declared:

"It appears from the averments of the petition in this case that, when the claim was filed, the estate was unsettled and solvent. But, notwithstanding this averment, we think the excuse given for the delay is not sufficient."

In *In re Estate of Jacob*, 119 Iowa 176, we declared:

"It has often been said that the fact that the estate remains unsettled may be taken into account with other circumstances in determining whether a claimant shall have relief against the statutory bar; but we have never held that this fact alone would be a sufficient ground for giving such relief. To so hold would amount to a practical annulment of the plain statutory provisions."

It is declared in the same case:

"We have often had occasion to determine what circumstances entitle a claimant to equitable relief under this section [now Section 11972]; but, without reviewing the cases, which are of necessity based upon the peculiar facts involved in each, it is enough to say that we find no case where equitable relief from the bar of the statute has been granted without some showing of diligence, or at least some excuse for failure to exercise diligence."

We now turn to the record, to ascertain the facts as to claimant's diligence or as to his excuse for his failure to file his claim and give notice within the statutory period. J. A. Penick was the attorney engaged by the executrix in the settlement of the estate, but was in no way employed to represent the estate in the defense of any claim growing out of the accident. The defense of all such actions, as per the policy of insurance, was by the company, through attorneys of its own selection. Neither the executrix nor Penick understood that he was in any way employed or authorized to act in such matters. Penick had previously told the executrix, upon reading the insurance policy, that he could not represent her as to any claims growing out of the

accident, but that the attorneys for the insurance company would have to do that. It appears from the record that, about January, 1926, the time when the Stuart case was tried, the claimant went to Penick's office when the executrix was present. He had gone there to consult this attorney about some other matter not connected with this case, and during the conversation, he incidentally told the attorney that he had a claim against the Storie estate. The claimant testified that Penick said that he would rather he (Anderson) wouldn't file until after the Stuart case was settled; that it might conflict with the other case (the Stuart case). Relative to this transaction, Penick testified:

"Well, he spoke something about his claim, and I simply made the remark that I didn't want him to file his claim or to commence suit on his claim,—I am not going to say which it was,—until after we got after this claim of Stuart's against the estate."

Relative to this occurrence in Penick's office, the executrix testified:

"Well, as I remember it, he [Penick] said that he didn't want him [Anderson] to file a case at that time, because he did not want two cases on at one time, or something of the kind."

The executrix took no part in the conversation between the claimant and Penick.

The claimant resided in Chariton, and his residence was about four blocks, and his place of business a block and a half, from the courthouse. He was the only survivor of the accident out of which his claim arises. He was a witness, and present during the trial of the Stuart case. He knew that said trial in behalf of the executrix was being conducted, not by Penick, but by Crissman & Linville and J. D. Threlkeld. He knew that the estate had been opened, and made no investigation as to when the executrix gave notice of her appointment. He never talked to the executrix about his claim. The first attorney consulted by him with a view to employment was the attorney now representing him, and he was employed shortly before January 15, 1927, when his petition and claim were filed. He makes no pretense of relying upon Penick as his attorney. In his testimony he says: "I didn't consult him [Penick] as my attorney. He [Bulman]

was the first attorney I consulted about the matter as my representative.'' He testified that he knew that Penick took no part in the trial of the Stuart case. He knew who were the participating attorneys. He also states that, prior to the time of the conversation in Penick's office, he interviewed Threlkeld, one of the attorneys for the defendant, but that he could not get any hearing with him. This was sufficient to put him upon inquiry. This should have been sufficient to put him on his guard, and suggest to him that his claim should be filed. See *Mosher v. Goodale*, 129 Iowa 719. In his petition, he makes no claim for equitable relief for any transaction between him and Threlkeld. There is nothing in the record to the effect that Penick said that his claim would be adjusted or paid, as alleged in his petition. He knew that the Stuart claim was being hotly contested; that his claim grew out of the same state of facts. He knew that, even if there was legal liability on the part of the estate, the *amount* of his claim was a matter for adjudication. He did not tell Penick, in the aforesaid conversation, of the amount of his claim. In the claim now filed, he is asking $5,000.

It is shown by the record that the Stuart case was settled, but not until shortly after the claim in the instant case was filed, although the negotiations leading up to the settlement were practically completed at the time of his employment of Bulman as his attorney. The claimant, on cross-examination, testified that he didn't really rely on the statement or suggestion made by Mr. Penick.

''Q. You didn't really rely on them at all, did you? A. No. Q. That is correct isn't it, Mr. Anderson? A. Yes, sir.''

Thus it is shown by the record that claimant did not employ or consult Penick as his attorney, that he knew that Penick was not representing the estate in any litigation growing out of the accident, and that any statements or suggestions made at the time in question would not be binding upon the estate; and as a matter of fact, his own testimony, as aforesaid, reveals that he did not rely upon the statements and suggestions of Penick. The fair inferences from the record are that the inducement to his filing of a claim was the fact that a settlement was about to be reached in the Stuart claim, and that, without knowledge of that fact, he would not have filed a claim. The knowledge which he

had of the contest as to the Stuart claim, and the fact that Threlkeld, one of defendant's attorneys, would not give him a hearing, should have been a sufficient inducement to him to believe that it would be necessary for him to employ counsel to prosecute his claim; and yet he delayed employing an attorney and filing his claim for more than 18 months after the giving of notice of the appointment of the executrix. See *Roaf v. Knight*, 77 Iowa 506. See, also, *Pearson v. Christman*, 93 Iowa 703.

The record fails to reveal that the executrix said or did anything, or failed in any duty resting upon her, upon which the claimant relied, as an inducement for him not to file his claim before the expiration of the statutory period.

No general rule can be laid down in cases of this character. Each case must be determined upon its own peculiar circumstances. The plaintiff relies upon *Brayley v. Ross*, 33 Iowa 505; *Ury v. Bush*, 85 Iowa 698; *Burroughs v. McLain*, 37 Iowa 189; *Pettus v. Farrell*, 59 Iowa 296; *Orcutt v. Hanson*, 70 Iowa 604. But from an examination of said cases, it is apparent that they are not analogous to, or controlling in, the instant case. The distinction between said cases and the instant case becomes readily apparent upon reading the decisions, and we shall not extend this opinion for the purpose of pointing it out. The following cases are more nearly in point: *Roaf v. Knight*, 77 Iowa 506; *In re Estate of Jacob*, 119 Iowa 176; *Mosher v. Goodale*, 129 Iowa 719; *Pearson v. Christman*, 93 Iowa 703; *Colby v. King*, 67 Iowa 458; *Schlutter v. Dahling*, 100 Iowa 515; *Estate of Schram v. Kissinger*, 201 Iowa 324; *In re Estate of Fatland*, 197 Iowa 1231; *Bentley & Olmstead v. Starr*, 123 Iowa 657; *McDermott v. Estate of McDermott*, 138 Iowa 351.

Since we find that the claimant has failed to establish facts and circumstances which afford a justification or sufficient excuse for his failure to file his claim within the statutory period, the judgment of the trial court is hereby reversed.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.