RIORDAN ET AL. v. WHITE ET AL.

1. **Administrator:** FRAUD: PRACTICE. Upon the petition of a creditor of the estate, an administrator was appointed who allowed a fraudulent claim against the estate and filed a petition for the sale of real estate to satisfy the same. The heirs filed a petition, denying therein the validity of the claim and asking the removal of the administrator. Subsequently they filed a motion that the allowance of the claim be set aside and that the administrator be removed: *Held*, that while the filing of the motion was irregular, yet it may properly have been regarded by the court as an amendment to the petition, and thus did not require verification and that, fraud having been shown, the relief asked was properly granted.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, MARCH 22.

EDWARD D. WHITE, a resident of Louisiana, died in the year 1871. At the time of his death and for many years prior

thereto, he was the owner of 200 acres of land in Wapello county in this State. He owned no other property in Iowa, and the record in this case shows that no claims were made against his estate, excepting one preferred by his brother, Daniel White.

On the 15th day of December, 1873, upon the petition of said Daniel White, Tim Riordan was appointed administrator of the estate by the Circuit Court of Wapello county; and on the 30th day of the same month, there was filed the claim of Daniel White, amounting to $2,039.50 which was admitted by the administrator, and approved by the clerk in vacation on the same day, and on the 19th day of March, 1874, the said claim was approved in open court. On the 20th day of July, 1874, Riordan filed his petition in said court, praying for an order empowering him to sell said land to pay debts.

On the 27th of October, 1874, Mollie Enright, a daughter of Edward D. White, filed her petition in said court setting forth among other things, that the estate was in no way indebted to Daniel White, and that his claim was without foundation and fraudulent, and made and prosecuted for the purpose of cheating the heirs of decedent, and that Riordan, with full knowledge that said claim was fraudulent and dishonest, colluded with Daniel White to have the same allowed, and with full knowledge of the fraud filed the petition to sell said land. This petition asks that Riordan be removed as administrator and his letters revoked.

To this petition Riordan answers, alleging that he acted in good faith, and White answers, alleging in substance that his claim is a just and honest one, and denying all allegations of fraud.

At the March term, 1875, the foregoing pleadings being on file, and the cause having been reached for trial, Riordan moved for default for want of answer to his petition to sell the land, which was denied and the petition was taken up for hearing on the petition to sell the land, and upon the petition of Mollie Enright to remove the administrator, and his answer, and the answer of Daniel White thereto.

After the statements of the case had been made by coun-

sel, but before any evidence was introduced, Mollie Enright and Jas. J. White, the daughter and son of deceased, filed what is designated on the margin as a motion, reiterating the charges of fraud contained in the petition of Mollie Enright; and asking that the allowance of said claim be set aside and a review of the action of the court theretofore had. Riordan and Daniel White resisted said motion, claiming that it came too late; that it was no answer to the petition to sell the land, that it raised no issue, was not sworn to, that the issue sought to be raised could only be done by petition, which objections were overruled and exceptions taken.

A trial was had and an order made setting aside the order of allowance of the claim, and granting a new hearing thereon, and staying proceedings to sell land until such time as the claim might be established, and removing Riordan as administrator, and a judgment was rendered against White for costs of the trial.

*Wm. McNett* and *H. B. Hendershott*, for appellants.

The approval of a claim against an estate by the administrator, clerk and court is a judgment as conclusive as that of any court. (*Voorhees v. Eubank*, 6 Iowa, 274; *Barry v. Chittenden*, 2 G. Greene, 177.) If the approval be secured through fraud, it could only be attacked by a bill in equity. (*Johnson v. Lyon*, 14 Iowa, 431; *Humphrey v. Darlington*, 15 Id., 207.)

*Stiles & Burton* and *D. T. Miller*, for appellees.

This court has held that an order of allowance against an estate is not a judgment in the technical sense. (*Little v. Sinnett*, 7 Iowa, 324.)

ROTHROCK, J.—That the testimony in this case shows a gross fraud on the part of Daniel White, no one who reads it can doubt. It is not necessary to recite it at length. It is sufficient to say that he claims he paid the taxes on this land from 1856 to 1873, amounting to about $160, and that he kept

watch over it to protect the timber on it and had some sur-veying done, for which outlay and services he makes the enor-mous claim of more than $2,000. The land is worth $1,200. The administrator made no effort to ascertain the justice of the claim although he knew that some of the heirs resided in New Orleans. He assisted White in making up his account, and in computing unlawful interest on it. This is the evi-dence, without conflict or contradiction. The learned Judge who tried the case below, in his special findings justly says: "A large portion of the claim was without foundation in fact or in law, and its allowance was an act of gross negligence on the part of the administrator, and operated as a gross fraud upon the estate."

Appellants insist that the order of allowance was in the nature of an adjudication, and cannot be impeached for fraud by a mere motion.

It may be conceded that the filing of the motion was irreg-ular. But no motion was made to strike it from the files. It was filed as a paper in the matter then before the court, and for aught we can see the court regarded it as an amendment to the petition to remove the administrator. It did not make any new issue. The issue on the petition for removal was as to the fraudulent character of the claim. This issue was dis-tinctly made by the petition and by the answer of Daniel White. All the parties were before the court and the effect of the paper denominated a motion was merely to ask addi-tional relief, and if the court regarded it as an amendment, it need not necessarily be verified. Code, Sec. 2680. If Daniel White objected to its form he should have moved to strike it out. We fail to see how he was prejudiced by it.

Taking all these pleadings together in the light of the evi-dence, we are of the opinion that the Circuit Court did not err; but that it reached a correct, and most just conclusion.

AFFIRMED.