P. J. McDERMOTT, Appellant, v. THE ESTATE OF ANNA McDERMOTT.

**Estates of decedents:** CLAIMS: ALLOWANCE. A claim against an
1  estate is not finally adjudicated until passed upon by the court, as the administrator does not have full power in this respect: and when an administrator or executor holds a claim against the estate, an heir may question its validity.

**Limitations:.** PLEADING. Where limitation is pleaded before final
2  trial, and the issue is submitted without objection, the plea is not objectionable as coming too late.

**Limitations:** AVOIDANCE OF STATUTE. Carelessness on the part of a
3  client, in failing to furnish his attorney with proper information regarding his case, does not present equitable circumstances which will avoid the statute of limitations.

*Appeal from Johnson District Court.*— HON. R. P. HOWELL, Judge.

MONDAY, MAY 5, 1908.

ACTION to establish a claim against the estate of Anna

McDermott. There was a judgment aaginst the plaintiff, and he appeals.— *Affirmed.*

*W. J. Baldwin,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

SHERWIN, J.— On the 15th of November, 1906, the plaintiff filed a petition, alleging that Anna McDermott died intestate in July, 1904, and that he was appointed the administrator of her estate; that the deceased owned certain real estate, but no other property, and that she left no debts except a debt of $250 due the plaintiff on a note; that the note was secured by a mortgage on the land theretofore described. The plaintiff asked that his claim be allowed, and that the property be sold to pay the debt. All parties in interest were served with notice of the application. On the 19th of the same month Phillip McDermott, husband of the deceased, filed a resistance to the application, alleging that the property was his homestead, and that he did not sign the mortgage held by the plaintiff. On the 18th of February, 1907, the plaintiff made application for the appointment of a special administrator to pass upon the claim. A special administrator was appointed, and on the 19th of the month he reported in favor of allowing the claim. Two days thereafter a daughter of the deceased filed a resistance to the sale of the property, alleging that it was the homestead of her father, and alleging, further, that the note had never been allowed as a claim against her mother's estate. On the 6th of March this daughter filed an amendment to her resistance to the application, pleading the statute of limitations. The plaintiff's application was heard on the issue as to the homestead character of the property, and determined adversely to Phillip McDermott. The plaintiff afterward filed an amendment to his petition, pleading an excuse for not having filed his claim within the

time fixed by law and asking equitable relief. A hearing was then had on this issue, and a judgment rendered rejecting the claim because not filed in time.

The appellant urges that the allowance of a claim by an administrator is final, in the absence of a showing of misconduct or fraud on his part. But we have held other-

1. ESTATES OF DECEDENTS: claims: allowance.

wise. *Ordway & Husted v. Phelps,* 45 Iowa, 279; *Byer v. Healy,* 84 Iowa, 1. There is no adjudication of a claim filed against an estate until it has been passed upon by the court. *Riordan v. White,* 42 Iowa, 432. And, where the executor or administrator holds a claim against the estate for which he is acting, an heir may question the validity thereof. He is interested in the settlement of the estate, and the claim of the administrator is adverse to his interest. *In re Davenport's Estate,* 85 Iowa, 293.

There is no merit in the contention that the statute of limitations was pleaded too late. The issue was presented

2. LIMITATIONS: pleading.

and accepted by the plaintiff before final trial, and seems to have been tried without any objection on the part of the plaintiff.

The equitable grounds upon which plaintiff relied for the allowance of his claim after the statutory period for filing such claims had expired were, in substance, as follows:

3. LIMITATION: avoidance of statute.

He held the note and mortgage when he was appointed administrator, and soon thereafter he told his attorney that he held the mortgage, and that there were no other claims against the estate. His attorney advised him that it was not necessary to file the note as a claim, and that he might rely on the security of the mortgage. The mortgage was not presented to the attorney for examination, and he did not know its exact terms and conditions until after the period for filing claims had elapsed. To hold that this transaction between the plaintiff and his attorney presents equitable circumstances which should avoid the statute would be going far beyond any of

our cases. The showing amounted to nothing more than carelessness on the part of the plaintiff, for which equity can afford no relief. In *Manatt v. Reynolds,* 114 Iowa, 688, the only negligence shown was that of the plaintiff's agent, while here the record shows negligence on the part of the plaintiff himself. The *Manatt* case extends the rule as far as we are willing to go, and the judgment must be, and it is, *affirmed.*