ELIZABETH BALLINGER, Appellant, v. DEMOCRAT COMPANY, Appellee.

**LIBEL AND SLANDER:** Actions—Express Malice—Evidence to Rebut.
1  The defendant in an action for libel may, when express malice is charged, show (1) the source of the information from which the published article was written, and (2) his good faith and freedom from malice in publishing the article.

**LIBEL AND SLANDER:** Actions—Evidence. A witness may not testi-
2  fy that in the use of certain words he *intended* to express or imply a meaning which could not, as a matter of fact, be reasonably inferred from such words.

**LIBEL AND SLANDER:** Words Actionable—Charge of "Infidelity."
3  A charge of infidelity on the part of a married woman necessarily charges unchastity *per se.*

**LIBEL AND SLANDER:** Privileged Communication—Judicial Pro-
4  ceedings—Mistaken Report. The publisher of a newspaper is not

privileged to publish the grounds of divorce as ''infidelity'' on the part of the wife when the actual ground was ''cruel and inhuman treatment.''

**Headnote 1:** 37 C. J. p. 82. **Headnote 2:** 37 C. J. p. 72. **Headnote 3:** 36 C. J. pp. 1173, 1176. **Headnote 4:** 36 C. J. p. 1274.

**Headnote 1:** 17 R. C. L. 409. **Headnote 2:** 17 R. C. L. 407. **Headnote 3:** 24 L. R. A. (N. S.) 577; 48 L. R. A. (N. S.) 615; 17 R. C. L. 281. **Headnote 4:** 17 R. C.L. 333.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

### MARCH 8, 1927.

### REHEARING DENIED JULY 1, 1927.

Action for damages based upon an alleged libelous publication. Verdict and judgment for the defendant. Plaintiff appeals.—*Reversed.*

*B. F. Jones* and *B. A. Dolan,* for appellant.

*Hollingsworth & Hollingsworth, Johnson & Martin,* and *W. W. Phelps,* for appellee.

STEVENS, J.--I. Appellant is the divorced wife of Rodney Ballinger. Her husband commenced an action for divorce in 1917. Decree was entered November 3, 1923, granting a divorce to appellant upon her cross-petition. The ground for divorce charged in the husband's petition was cruel and inhuman treatment. An account of the divorce proceedings, which gave a brief history thereof, stating that the petition charged appellant with infidelity, was published in The Evening Democrat, a paper published by appellee. Some months later, this action, which is based upon the article referred to, was commenced by plaintiff for damages. The answer admitted the publication, denied that it was published with malice or evil intent, averred that it was published upon information obtained from Rodney Ballinger; that it was published merely as a news item of the court proceedings of the day; that it was not intended thereby to injure or defame the plaintiff or to charge her with immoral conduct. The answer further pleaded that the publication, which was of

judicial proceedings, was privileged. Appellant offered in evidence the article and the files of the divorce action, and rested. The only evidence on her part relating to damages was brought out on cross-examination.

W. J. McGiffin, manager of the Democrat Company, testified that he was not acquainted with appellant, and that he at no time had any malice or ill feeling toward her; that he offered, when complaint was made to him of the publication of the article, to print a retraction, or any explanation that would correct the error.

L. H. Danley, news gatherer for the paper, testified that Rodney Ballinger told him, on the morning the case was tried, that the case was for trial, and that it would be interesting, and invited him to the courthouse to hear it. J. C. Hamilton, an attorney at Fort Madison, testified that he brought the divorce action for Rodney Ballinger; that he intended, by the following language in the petition charging a ground for divorce, ''and has been guilty of many other acts of cruelty toward this plaintiff, which this plaintiff will set forth more specifically, if requested so to do by the defendant or by the court,'' to imply that appellant was guilty of infidelity.

The testimony of Danley and Hamilton was admitted over the objection of appellant, and the admission thereof constitutes some of the alleged errors relied upon for reversal. The court submitted to the jury the question as to whether the use of the word ''infidelity'' in the article was intended to charge the plaintiff with unchastity, and instructed the jury that, if it so found, the publication was libelous *per se,* and both malice and damages would be implied. This and other paragraphs of the court's charge are complained of. The petition charged express malice. No testimony was introduced, however, tending in any way to sustain the charge.

It is contended by appellant that evidence to the effect that the publication was based upon information obtained from others was inadmissible. It is the rule in this state that, unless the

1. LIBEL AND SLANDER: actions: express malice: evidence to rebut.

alleged libel on its face purports to be published on the authority of others, evidence that it was so published is not admissible in mitigation of exemplary damages. *Wallace v. Homestead Co.,* 117 Iowa 348. It is also the rule in this state that,

where express malice is charged, it is competent for the defendant to show good faith on his part, together with the source of his information. *Snyder v. Tribune Co.,* 161 Iowa 671; *Dorn and McGinty v. Cooper,* 139 Iowa 742. Although without support in the evidence, the charge of actual malice was not withdrawn, and this issue was submitted to the jury. Under the rule last stated, the evidence was clearly admissible.

II.   We can perceive no theory upon which the testimony of Hamilton was admissible. The petition in the divorce action

2. LIBEL AND SLANDER: actions: evidence.

did not charge appellant with infidelity, nor could this charge reasonably be inferred from the language of the petition. The objection to the testimony of this witness should have been sustained.

III.   The trial court was of the opinion that the word "infidelity" employed in the publication did not necessarily charge unchastity. No doubt the word may properly be used to

3. LIBEL AND SLANDER: words actionable: charge of "infidelity."

express delinquency in other forms. When, however, employed in the connection shown, its meaning is obvious, and would be universally understood to charge unchastity. · The word "intimate" in similar connections has been held to mean unchastity. *Arnold v. Lutz,* 141 Iowa 596; *Flues v. New Nonpareil Co.,* 155 Iowa 290. It is universally held that to charge a woman with unchastity is libelous *per se. Cleveland v. Detweiler,* 18 Iowa 299; *Charleson v. Russell,* 144 Iowa 38; *Flues v. New Nonpareil Co.,* supra. Unless, therefore, the article in question was privileged, it was libelous *per se.* In such case, malice and damages will be implied. *McDonald v. Nugent,* 122 Iowa 651; *Sheibley v. Ashton,* 130 Iowa 195; *Morse v. Times-Republican Ptg. Co.,* 124 Iowa 707.

IV.   We come now to consider the claim of appellee that the publication of the article was privileged. The publication of judicial proceedings, if fairly and impartially done, without express malice, is privileged. *Flues v. New Nonpareil Co.,* supra.

The article complained of did not fairly report the grounds upon which the plaintiff in the divorce action asked the dissolution of the marriage relation. There is a vast distinction be-

4. LIBEL AND
SLANDER: privi-
leged communi-
cation: judicial
proceedings:
mistaken report.

·tween a charge of cruel and inhuman treatment and a charge of infidelity,· which, in such case, means adultery. ·Had the article fairly stated the true· ground of the ·petition, it would have been privileged. ·The ·substitution of language importing un-chastity for the true charge in the petition destroyed the right of the appellee to rely upon this as a defense. Aside from the use of the one word, the article is apparently fair and impartial. There is not on the face of the article any malice or bad faith. So far as appears from the ·published article, the libelous lan-guage was due to mistake. This, however, does not alter its character as a libelous publication. The. article correctly and very properly stated that the divorce was granted to appellant upon grounds alleged by her.

Other grounds are discussed by counsel, but they should not ·arise upon a retrial. What we have said sufficiently disposes of the appeal. The judgment of the district court is—*Reversed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.