W. N. DOYLE, Appellant, v. ANNIE R. JENNINGS, Executrix, Appellee (two cases).

No. 40107.

MARCH 11, 1930.

REHEARING DENIED SEPTEMBER 22, 1930.

*J. M. Dower,* for appellant.

*Hatter & Harned,* for appellee.

EVANS, J.—I. The plaintiff's claim had its origin in July, 1919, when the plaintiff contracted to sell his farm in Iowa County to E. C. Mullin, a neighbor, for $48,000. Pursuant to  this contract, a deed was executed by Doyle to Mullin on March 1, 1920. Mullin paid $12,000 of the purchase price, and executed a mortgage for the balance, $36,000, together with a promissory note for a like amount, due in 20 years. Catherine Mullin, the wife of E. C. Mullin, joined in both note and mortgage. Prior to such date of settlement, Mullin had sold the farm to Bevins and Donohoe, who assumed and agreed to pay the mortgage. On July 28, 1921, Mullin died; and on July 30th of the same year, Catherine died. They were survived by one child, Mrs. Jennings, who is the defendant-administrator. In November of the same year, letters of administration were issued to her in both estates. This accounts for the double title carried herein. For convenience of discussion, we shall refer to the estate of E. C. Mullin only, though identical proceedings were had in both estates. The period for filing claims against the Mullin estate expired on November 17, 1922. The plaintiff filed his claim on November

2, 1923, and served notice on the executrix in the city of Chicago in January, 1924. In February, 1924, an order of allowance was entered on a purported default, and in the absence, and without the knowledge, of the executrix or her attorney, as claimed. At a later date, an application was filed by the executrix to set aside such allowance, upon several alleged grounds. The application was sustained, and the order of allowance was set aside, from which order an appeal was prosecuted to this court. See *Jennings v. Doyle* (Iowa), 216 N. W. 777 (not officially reported). On such appeal, the order of the district court was affirmed by operation of law, as the result of an equally divided court. Thereupon, the case proceeded to trial in the district court upon the issue of equitable circumstances, entitling plaintiff to relief, such issue being made by appropriate pleading. The substance of the plaintiff's complaint and ground for equitable relief was, as he alleged, that he had been misled by Simmons, cashier of the Farmers Savings Bank of Williamsburg, and that he had been led to believe that Simmons would file a claim against the Mullin estate, and, in substance, that he believed that Simmons had so filed it. His testimony in support of his contention was vigorously denied. Affirmative testimony also was introduced, tending to show that plaintiff was fully advised in advance of the very date of expiration of the period for filing, and that he professed to be doubtful in purpose whether to file or not, and that, with full knowledge of his rights, he allowed the period to expire, either negligently or intentionally, without filing a claim. It appears that both Doyle and Mullin were residents of the village of Parnell, in Iowa County, some 10 or 12 miles distant from Williamsburg. They were friendly neighbors. Both were customers of the Farmers Savings Bank, of which Simmons was cashier, and had been such for many years. Both of them were recipients, from time to time, of the courtesies and assistance usually extended to customers by bank officials. The land transaction between the parties was had in this bank, and Simmons assisted them therein. Sometime after March 1, 1920, and before the death of the Mullins, Simmons loaned to the plaintiff the sum of $9,000, and took his own note therefor, secured by the $36,000 note of Mullin as his collateral. After the death of the Mullins, Simmons assisted the daughter, Mrs. Jennings, by way of advice and information

in the matter of administration of the estate of her parents. He employed an attorney for her for the settlement of the estates, and occupied an attitude of willingness to assist her in such manner as he could. Because of the assistance thus rendered by Simmons, the plaintiff charges that he was interested in the estate, and that because of such interest he misled in some manner the plaintiff, and failed to exercise good faith towards the plaintiff, and intentionally failed to file the plaintiff's note against the Mullin estate, because of his alleged interest in the Mullin estate. Simmons had in fact no financial interest in the Mullin estate, nor any financial interest to be subserved by the protection of the Mullin estate against the plaintiff's claim. On the contrary, whatever financial interest he had, as between the Mullins and the plaintiff, was in the direction of filing the claim. He held the plaintiff's note as collateral. He did, in fact, advise the plaintiff to file a claim therefor. Doyle was a man of intelligence and business experience. He had himself previously served as administrator of an estate. He had also served as guardian of a ward. He knew the requisite of filing a claim against the estate and the effect of a failure so to do. The defendant introduced important evidence of specific conversations with the plaintiff, wherein he was advised of the date of expiration of the period for filing, and wherein he expressed doubt as to whether he would file or not. At that time, he purported to believe that his security under the mortgage was quite abundant. In addition to that, Bevins, one of the assumptors, was considered good. We think this attitude of mind on the part of the plaintiff is fairly proved by a preponderance of the evidence. Without dispute, the plaintiff knew of the death of the Mullins and of the pending administration later. He knew his rights in the premises, and was versed in the requisites of the statute. Though he testified indefinitely to his reliance and expectation that Simmons would file the claim, yet he did so by a merely categorical answer to a leading question. There was no claim that Simmons had promised to file it, or had misled him with representation that he had filed it. It must be said, therefore, that the district court was justified in finding a failure on the part of plaintiff to prove the alleged equitable circumstances.

The "equity" most forcefully contended for by counsel

is the fact that the claim was a just claim; that the Mullin estates were solvent; that no one had suffered prejudice by the delay; that, therefore, equity required that such just claim be paid. The argument has its appeal, but quite independently of the statute. It is an argument for amended legislation. As applied to the existing statute, it is quite subversive of it. If the justness of the claim is a sufficient equity to comply with the requirements of the statute, then the statute itself is an idle one. The requisite of justness is imperative, even when the claim is filed within the period of limitation. It is no less required after the period of limitation, even when peculiar circumstances entitling the plaintiff to equitable relief are approved. In other words, the justness of the claim is not a "peculiar circumstance," within the meaning of this statute. On the contrary, it is of the very essence of the claim itself.

A careful reading of the evidence in the case satisfies us that the plaintiff failed to prove peculiar circumstances, within the meaning of the statute. Such was the holding of the district court. Upon a careful consideration of all the evidence in this record, we find no fair basis for the claim that Simmons practiced any fraud upon the plaintiff, or that he failed in any duty resting upon him toward the plaintiff. There was no inconsistency in his respective relations to the plaintiff and to the administratrix of the Mullin estate. He had always been friendly with both families, and plaintiff knew it. Nor can it be held, upon this record, that the failure of the plaintiff to file his claim within statutory time was caused by any act on the part of Simmons. If the plaintiff had lacked information of any material fact, or had been misled as to any material fact, such a lack of information would be entitled to consideration as a "peculiar circumstance." The fact that the claimant had not heard of the death of his debtor or of the pendency of administration is one which often appears in this class of cases. No want of knowledge appears herein. The plaintiff at all times knew every material fact requisite to a proper understanding of his rights and of the statutory limitations upon them, as well as he knows them now. The only suggestion of ignorance of fact appearing in his evidence is that he did not know that Simmons had acted, or was acting, in the interests of the Mullin estate. We necessarily reach the conclusion that the plaintiff

858

failed to prove "peculiar circumstances," within the meaning of the statute.

II. The appellant assigns error upon the ruling of the district court in setting aside, in the year 1926, the previous order of allowance made in 1924. This appellant appealed from that  order to this court. That order, and that alone, was involved in the former appeal. That order was affirmed by an equally divided court, and by operation of law. Such affirmance was effective to give finality to the adjudication. That the question presented by that appeal was close and doubtful is indicated by the equal division of the court. The result was no less effective on that account. The general rule here enunciated is not challenged by appellant's counsel. The theory upon which he contends for a review of that order of the district court is that such order was not in fact appealable; that, therefore, no jurisdiction was conferred upon this court by such appeal; that our former decision was, therefore, nugatory, and had no effect upon the order appealed from; and that the order thus appealed from still inheres in the final judgment of the district court, and as a part of its record.

This appellant was likewise appellant in the former appeal. His appeal was from that order, and from nothing else. On that appeal, the appellee challenged the appellant's right of  appeal on the ground that such order was not appealable, and moved to dismiss the appeal. The appellant contended for the appealability of the order. We sustained him in such contention, and overruled the motion of appellee. Our ruling on that motion was not by a divided court. It was a finality, and became the law of the case. The appellant is not entitled, on this appeal, to have a review thereof or a rehearing thereon. *Adams County v. B. & M. R. Co.*, 55 Iowa 94; *Barton v. Thompson*, 56 Iowa 571. The order of the district court is, accordingly,—*Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.