Roy Taylor, Appellant, v. E. H. Jackson, Administrator, Appellee.

No. 40984.

December 17, 1931.

D. M. Kelleher and Maurice J. Breen, for appellant.

E. G. Graham and S. J. Sayers, for appellee.

GRIMM, J.—On March 4, 1930, the plaintiff filed his petition in the District Court of Greene County, Iowa, alleging, among other things, in substance, that at one time he and his brother, S. M. Taylor, were jointly interested in real estate of the approximate value of $40,000.00. This real estate consisted of a farm and two properties in town.

In 1920, the farm was encumbered for $8,000.00. It is claimed that the mortgage was for money owed by S. M. Taylor. On December 2, 1920, the claimant deeded, as he claims, in trust to his brother, all his real estate which he held jointly with his brother, which deeds were recorded. Later, S. M. Taylor died, leaving as his surviving spouse Jessie M. Taylor, who was later appointed administratrix of the estate of S. M. Taylor. It is alleged that after the transfer by the plaintiff to S. M. Taylor of the former's interest in said real estate, S. M. Taylor further encumbered the property. S. M. Taylor died, and his estate was closed. It is alleged that Jessie M. Taylor, the widow of S. M. Taylor, as administratrix of the S. M. Taylor estate, surrendered all the real estate to the mortgagee in settlement of the mortgage debt.

There are allegations, in substance, that there was an agreement between Jessie M. Taylor and the plaintiff to the effect that the plaintiff should not file his claims in the S. M. Taylor estate, and in consideration therefor the plaintiff should receive the proceeds of a certain $5,000.00 life insurance policy and other property from Jessie M. Taylor; that said Jessie M. Taylor was to execute a will to carry out these agreements. It is alleged that the plaintiff has not previously filed his claim in the Jessie M. Taylor estate because, among other things, he anticipated that a will would ultimately be found.

The plaintiff claims the entire Jessie M. Taylor estate.

By an amendment subsequently filed, he alleges that certain so-called "peculiar circumstances entitle the claimant to equitable relief," under Section 11972 of the Code of 1931.

The answer, among other things, alleges that there was a settlement in the S. M. Taylor estate, and that there were no peculiar circumstances in the case entitling the plaintiff to equitable relief, and a general denial.

The cause was transferred to equity, so that the court could determine whether plaintiff had shown equitable grounds to excuse not filing in time. The court held for the defendant, and that is the only question before us on this appeal.

I. Generally speaking, it is claimed by the appellant that the estate was open and solvent, and that there were peculiar circumstances by which the plaintiff was misled not to file his claim within the statutory period.

In the first place, it must be borne in mind that the burden is upon the plaintiff to satisfactorily allege and prove such facts and circumstances as would amount to a justification for his failure to file and give notice of his claim before the expiration of the statutory period. See In re Palmer's Estate, 212 Iowa 21, and cases cited.

There must be either a showing of diligence in the matter or a showing of proper excuse for want of such diligence. See Anderson v. Storie, 208 Iowa 1172; Simpson v. Burnham, 209 Iowa 1108. The fact that the estate is solvent and unsettled does not aid the plaintiff in this proof. C. & N. W. Ry. Co. v. Moss, 210 Iowa 491. Moreover, "no general rule can be laid down in cases of this character. Each case must be determined upon its own peculiar circumstances." Anderson v. Storie, 208 Iowa 1172, l. c. 1178. Many other cases might be cited in support of the foregoing principles.

An analysis of the evidence in this case discloses that the plaintiff has not by any competent evidence brought himself within the requirements of the cases.

It will be recalled that this is a claim filed by the plaintiff against the administrator of the estate of Jessie M. Taylor, the deceased widow of S. M. Taylor, plaintiff's brother. The original claim and cause of action, if any existed, was against S. M. Taylor, or, after his death, the S. M. Taylor estate. In this connection, it is significant that the plaintiff filed a claim against the

estate of S. M. Taylor for approximately $4,000.00, and the same was adjusted and settled, the plaintiff having executed his receipt therefor. The plaintiff's own language is:

"I filed a claim against my brother's estate for a note and some money that I had let him have, but I did not file any claim against his estate for the property I had held jointly with him at the time of his death."

We are not concerned on this appeal with the reasons, if any, why the plaintiff did not file his claim in his brother's estate. The question here is whether there are sufficient peculiar circumstances which warranted the plaintiff in delaying the filing of his claim in the estate of his brother's widow. In other words, the plaintiff claimed an interest in his brother's estate. He filed claims for a portion of his demands. Afterwards, he purposed to file a claim in the estate of his brother's widow by which he would assert his interest in the property possessed by his brother at the time of his brother's death. He did not file the claim in the estate of his brother's widow within the statutory time, and he is here seeking to show peculiar circumstances which warranted him in that delay. The experience which the plaintiff had in filing claims in his brother's estate must have greatly familiarized him with the procedure and the requirements of such an act. An examination of his testimony discloses that he realized the manner in which such claims should be filed, but he contends that he was misled by Jackson, the administrator of the estate of Jessie M. Taylor, deceased, Jessie M. Taylor having been the widow of his brother, S. M. Taylor.

It is unnecessary in this connection to go into the reasons offered by the plaintiff for not having filed his entire claim in his brother's estate. The plaintiff testified quite extensively in reference to a conversation he had with Jackson, the administrator of the Jessie M. Taylor estate. The essential element in the conversation is contained in the following answers to questions:

"He (the administrator) told me, 'We will wait,' he says, 'we will wait until the time is just about up, and then we will have a claim all made out for you.' Now, them are the exact words Everett Jackson told me.

"Q. Is that all he told you about that? A. Well, then

we started to go out the door, and I says, 'When will that time be?' and he says, 'I think about the 25th of February.' "

It will be noted that, according to plaintiff's own story, the administrator did not promise to file the claim, but only to make one out. The conversation quoted above took place a long time prior to the expiration of the year in which to file the claim, and according to the plaintiff's own story, he saw the administrator almost daily and talked with him frequently, but the subject of filing the claim was never mentioned between them.

The plaintiff has shown no reasonable excuse for not having definitely ascertained the exact date when the year would expire. He has shown no diligence in that regard.

It appears that, shortly prior to this conversation with the administrator, one or more lawyers had advised the plaintiff that he could not prove his claim. This advice was evidently based upon the theory that no one heard any of the alleged conversation between the plaintiff and the deceased Jessie M. Taylor, acting as administratrix of the estate of her deceased husband, S. M. Taylor.

It appears that the year expired, not on the 25th of February, but on the 16th of January. This claim was filed on the March 4th following.

As previously stated, it is not claimed that the administrator promised to make out and file the claim, nor is it claimed that the administrator promised to pay the claim. Even though he had done so, this court has said in Mosher v. Goodale, 129 Iowa 719:

"The mere promise of an administrator to pay a claim is not sufficient excuse for delay in filing and serving notice thereof."

It is not claimed that the defendant Jackson, administrator of the estate of Jessie M. Taylor, made any request that the filing of the claim be delayed. The record discloses no fact which would furnish a basis for an excuse on the part of the plaintiff for failure to file his claim within the statutory time. Even assuming that there might be some persuasion in the argument that the administrator gave a wrong date for the expiration of the statutory period, an examination of the plaintiff's own testimony discloses the fact that the administrator did not fix any definite

time. The administrator only said, in speaking of the day when the year would expire: "I think about the 25th of February." Surely a man who has had experience in the matter of filing claims against an estate, and who had the matter of the filing of his claim under consideration for a period of time, and who had consulted with lawyers about the validity of his claim and the filing thereof, cannot excuse a delay for such filing by merely testifying that the administrator said, in speaking of the time when the year would expire: "I think about the 25th of February."

We deem it unnecessary to set out the testimony at length. It wholly fails to convince us that there are any such circumstances as bring the plaintiff within the rules. The mere allegation that the claim is just is immaterial on the question of the diligence of the plaintiff in filing the claim. See Doyle v. Jennings, 210 Iowa 853.

There is no competent evidence in the record warranting the plaintiff in believing that Jessie M. Taylor had made a will carrying out the promises which the plaintiff claims she made. Moreover, waiting to find a will would constitute no valid excuse for not filing his claim within the statutory period.

The cases relied upon by the appellant, when carefully analyzed, will be found easily distinguishable from those hereinbefore cited.

The trial court correctly ruled, and the cause must be, and is, affirmed.

All Justices concur.