First Trust Joint Stock Land Bank of Chicago, Appellant, v. W. A. Terbell, Administrator, Appellee.

No. 42165.

February 13, 1934.

McNeil & Scovel, for appellant.

Arlo W. Palmer, for appellee.

Anderson, J.—This is an action involving a claim made against the estate of M. A. Miller, deceased, by the First Trust Joint Stock Land Bank of Chicago. The amount involved is approximately $30,000, and the claim is based upon two promissory notes secured by real estate mortgages upon 360 acres of land in Mahaska county, Iowa, the payment of which was assumed by M. A. Miller during

his lifetime. Miller, who was a resident of New Sharon, Mahaska county, Iowa, died on March 19, 1931, and on March 26, 1931, W. A. Terbell, the defendant and appellee herein, was appointed administrator of his estate, and letters were issued to him on that date. Indorsed upon the letters and signed by the clerk was the following order:

"The administrator will publish notice of his appointment once each week for three consecutive weeks in the New Sharon Star or by posting on bulletin board in front of court house in Mahaska County, Iowa."

The notice of appointment of administrator, dated the 26th day of March, 1931, and signed by the administrator, was published as in said order provided, the first publication occurring on April 2, and the last on April 16, 1931.

On April 16, 1932, the claimant-appellant herein filed its claim against the M. A. Miller estate in two counts based upon the two promissory notes and real estate mortgages heretofore mentioned, alleging that the M. A. Miller estate was still open and unsettled and was solvent, having property of the approximate value of $60,000, and further alleging:

"That no prejudice will result to this estate by reason of the time of presenting this claim, and that this Claimant was not until recently advised of the death of M. A. Miller, or of the administration of his estate, and had no reason to know the said M. A. Miller had died, and that upon learning of the death of the said M. A. Miller and the administration of his estate it promptly made arrangements for the filing of this claim, and that this Claimant is, under the circumstances, entitled to have its claim allowed as a claim of the fourth class." The prayer of the claimant asks that its claim "be allowed as a claim of the fourth class, and that the same be approved, and that the administrator of this estate be authorized and directed to make payment of said claim."

The defendant-appellee filed answer to the claim thus made by the appellant alleging that the petition for the allowance of the claim involved was filed in the office of the clerk of the district court on the 16th day of April, 1932, and notice thereof was served upon the administrator upon the same date; that more than one year had expired from the giving of notice of his appointment as

administrator before the filing and service of notice of appellant's claim; that the claimant had full knowledge of the death of M. A. Miller, and the administration of his estate for more than three months prior to the filing of its claim; and that the claim was and is barred and outlawed. Neither party in any way challenged the pleadings filed, and there was no amendment to the claim as filed and no reply to the answer of the defendant. A jury was waived and the cause tried and submitted to the court, and the court made a finding and order that the claim and petition for allowance was not filed and notice thereof served within the time provided by statute, and that the claim is therefore barred. The court further found that there was no evidence of any peculiar circumstances which entitled plaintiff to equitable relief and denied the allowance of the claim. From such ruling this appeal is prosecuted.

Errors assigned and relied upon for reversal are: (1) That the court erred in finding that the claim was barred under the provisions of sections 11890 and 11972 of the 1931 Code; and (2) that the court erred in finding that there was no evidence of any peculiar circumstances entitling claimant to equitable relief against the bar of the statute.

We will discuss these questions in the order indicated.

Section 11890 provides that within ten days after the appointment of an administrator a notice of such appointment shall be published as the court or clerk may direct, which direction shall be indorsed on the letters when issued. This section was complied with, and, while the order or direction was in the alternative, providing either for publication for three weeks, or by posting, the administrator apparently elected to publish the notice, and did so as the order provided. The first contention of the appellant is that the publication of the notice is not complete until the date of the last publication, and that the statute does not commence to run until that date. This particular question has not been heretofore decided by this court in this class of cases and under this statute, so far as we have been able to ascertain. However, in several of our cases where the question as to the bar of the statute has been involved, and where the notice was given by publication, we have indicated one date; that is, the date of the first publication. Had the order been for posting alone, there could be no question but what the statute would commence to run from the date on which the notice was posted. We find it unnecessary, however, to determine

this question, as the claimant in the instant case is not within the rule for which he contends; that is, that the statute does not commence to run until the date of the last publication of the notice.

Section 11972 provides that all claims of the fourth class not filed and allowed, or if filed and notice thereof is not served within twelve months from the giving of notice, will be barred, except as to pending actions or unless peculiar circumstances entitle the claimant to equitable relief. The date of the last publication of the notice in the instant case was April 16, 1931, and the claim here involved was not filed until April 16, 1932, clearly not *within* twelve months from April 16, 1931. We conclude there is no merit in claimant's contention at this point.

We now take up the second question raised by the appellant, that is, as to whether the evidence shows "peculiar circumstances" entitling the claimant to recover notwithstanding the bar of the statute. It will be noticed that in the claim filed by the appellant no claim or prayer for equitable relief is made. The petition for the allowance of the claim simply alleges: (1) Solvency of the estate; (2) that no prejudice will result to the estate by reason of the time of presenting the claim; (3) that claimant was not until recently advised of the death of the decedent, and, upon learning that fact, it promptly made arrangements for the filing of its claim, and that it is "under the circumstances entitled to have its claim allowed as a claim of the fourth class." There are no "peculiar -circumstances" alleged or claimed in the claim or the petition for its allowance, and there is no claim or allegation that the claimant is entitled to any equitable relief. The defendant in his answer specifically raised the bar of the statute and alleged that the claimant had neglected and delayed the filing of its claim for more than twelve months after it was advised, and had full knowledge of the death of the decedent, and that the claim was not filed within the statutory period. As we have indicated, no reply was filed to such answer and no amendment made to claimant's petition. The issue now under discussion does not seem to have been raised by claimant in its pleading. It is true that there is some evidence in the record that claimant was not aware that the decedent had assumed, in a contract which was not of record, the payment of one of the notes and mortgages involved in the claim, until the day the claim was filed, but this was due to no fault of the administrator of the estate, and the fact that claimant had permitted a part of

its claim to become barred by the statute strongly indicates that it was not exercising due diligence and care in the protection of any claims it may have had against the estate. Even where peculiar circumstances are alleged and shown, due and proper diligence in the filing and prosecution of the claim is required. Schlutter v. Dahling, 100 Iowa 515, 69 N. W. 884. Equitable relief will not be granted or extended to relieve a party from negligence or laches. Bentley v. Starr, 123 Iowa 657, 99 N. W. 555; McDermott v. McDermott, 138 Iowa 351, 116 N. W. 122; In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94. In Peterson v. Johnson, 205 Iowa 16, 212 N. W. 138, we had about the same situation in relation to the condition of the pleadings as we have in the case at bar. In that case we held that no peculiar facts or circumstances entitling the claimant to equitable relief was alleged in the claim filed, and we there said:

"So far as the record shows, appellant at no time suggested to, or asked, the court to determine the facts and grant her equitable relief."

In Taylor v. Jackson, 213 Iowa 844, 239 N. W. 519, this court, speaking through Justice Grimm, said:

"In the first place, it must be borne in mind that the burden is upon the plaintiff to satisfactorily allege and prove such facts and circumstances as would amount to a justification for his failure to file and give notice of his claim before the expiration of the statutory period. * * * There must be either a showing of diligence in the matter or a showing of proper excuse for want of such diligence. Anderson v. Storie, 208 Iowa 1172, 227 N. W. 93, 66 A. L. R. 1410; Simpson v. Burnham, 209 Iowa 1108, 229 N. W. 679. The fact that the estate is solvent and unsettled does not aid the plaintiff in this proof. * * * Moreover, 'no general rule can be laid down in cases of this character. Each case must be determined upon its own peculiar circumstances.'" In that case we held that the claimant signally fails by simply showing: (1) That his claim is just; (2) that the estate is solvent and unsettled; (3) that he expected the deceased to satisfy his claim by testamentary provisions and consequently was searching for a will; (4) that he relied on an indefinite talk with the administrator as to when the year expired for filing claims.

We have so frequently announced that in the determination of the question as to whether or not the claimant has shown that he is entitled to equitable relief no general rule can be laid down, but that each case must be determined upon its own "peculiar circumstances," that it is unnecessary to require the citation of authority, but see Simpson v. Burnham, 209 Iowa 1108, 229 N. W. 679; Nichols v. Harsh, 202 Iowa 117, 209 N. W. 297; Taylor v. Jackson, 213 Iowa 844, 239 N. W. 519.

The fact that the claim may be a just claim is immaterial in the determination of the proposition as to whether "peculiar circumstances" exist. In Doyle v. Jennings, 210 Iowa 853, 229 N. W. 853, we said:

"If the justness of the claim is a sufficient equity to comply with the requirements of the statute, then the statute itself is an idle one. The requisite of justness is imperative even when the claim is filed within the period of limitation. It is no less required after the period of limitation, even when peculiar circumstances entitling the plaintiff to equitable relief are approved. In other words the justness of the claim is not a 'peculiar circumstance' within the meaning of this statute."

There is a well-recognized rule of law that the mere fact that the estate is solvent and remains open at the time of the filing of the claim will not be sufficient to constitute "peculiar circumstances" entitling the claimant to equitable relief. To hold otherwise would amount to an annulment of the plain statutory provisions.

We have in this record the undisputed fact that on January 2, 1932, the claimant received a letter inclosing a draft to apply upon the interest due upon the first of appellant's claims, and this letter was signed by "W. A. Terbell, Administrator," and that on January 13, 1932, the administrator again wrote to the claimant a letter in which he stated that M. A. Miller died March 19, 1931. In answer to this letter, under date of February 16, 1932, the claimant wrote the administrator inquiring about some insurance policies, and in which letter it said: "We understand that you are the administrator of the M. A. Miller estate." So that as early as January 13, 1932, more than three months before the expiration of the year within which claims might be filed against the estate, the claimant was advised of the death of M. A. Miller and the pending administration of his estate, yet it failed and neglected to file its claim until April

16, 1932, which, as we have held, was not within twelve months from the giving of notice of the appointment of an administrator. We now hold that the claim was barred under the statutes referred to, that no peculiar circumstances entitling the claimant to equitable relief were claimed or alleged in claimant's petition, and that no such facts are shown by the evidence in this record. We further hold that the findings, rulings, and order as made by the trial court are supported by the record and former pronouncements of this court, and such findings, order, and judgment of the trial court are therefore affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, KINDIG, MITCHELL, and KINTZINGER, JJ., concur.