## In re Estate of Jennie Baker.

MERCHANTS NATIONAL BANK, Administrator, W. B. MILLER, Trustee, Appellees, v. CHESTER BAKER et al., Appellants.

No. 44613.

MAY 9, 1939.

REHEARING DENIED SEPTEMBER 22, 1939.

 ██ 

Wm. E. Treichler and Treichler & Treichler, for Merchants National Bank, administrator with will annexed of the estate of Jennie Baker, deceased.

Donnelly, Lynch, Anderson & Lynch and Arthur Edwards, for W. B. Miller, trustee in bankruptcy of the estate of Epworth Seminary, bankrupt.

Barnes, Chamberlain & Hanzlik, Donald P. Barnes, and E. H. Wadsworth, for Chester Baker, Harold Baker, Raymond Baker, Nita Lowe, John Frost, Alice Frost Schneider, Doris Robbins, and Gertrude Baker, beneficiaries under the last will and testament of Jennie Baker, deceased, and applicants to set aside allowance of claim of W. B. Miller, trustee in bankruptcy of the estate of Epworth Seminary, bankrupt.

RICHARDS, J.—In the course of administration of the estate of Jennie Baker, who died testate, the residuary legatees filed an application that the record of allowance of two certain claims be expunged, and that upon a final hearing the claims be disallowed. The claims had been filed by Epworth Seminary, and were founded on separate written subscription agreements decedent had made in favor of the claimant, each in the sum of $5,000. In the application it was set out that the allowing of the claims had been in the following manner, i. e., on each claim the executor indorsed a waiver of notice and a consent that

it be allowed, and the clerk of the court thereupon indorsed on each claim the following, ''Allowed this 30th day of Sept., 1927, Olive S. Johnson, Clerk.'' The clerk also noted on the page in the probate appearance and fee book where appeared the Jennie Baker Estate, the following, ''Allowance by clerk, Sept. 30, 1927.'' No question is raised whether this amounted to an order made by the clerk. The application also set out matters of defense to the claims. These averments had largely to do with an alleged failure of claimant to carry out certain conditions in the agreements, only on fulfillment of which by claimant was decedent to pay the subscriptions. The content of these allegations, unless in some way met by claimant, would have exhibited a defense to the claims at the time they were filed. The application further narrated that the president of the board of trustees of claimant, who presented the claims to the executor, falsely and fraudulently, and with knowledge of the falsity, represented to the executor that all conditions had been fulfilled. The application stated that because he believed and relied on these representations as being true the executor was induced to indorse his approval on the claims, he mistakenly believing that the conditions had been carried out. Affidavits in support of its averments were made a part of the application. The claimant having been adjudged a bankrupt long prior to the filing of the application, the court ordered that claimant's trustee in bankruptcy file resistance or defense to the application within 10 days after service on him of the order. Accordingly the trustee in bankruptcy filed a demurrer to the application. Upon a hearing the demurrer was sustained. Later the legatees amended their application. The trustee moved to strike the amendment, on the ground that it failed to avoid the force and effect of the first ruling sustaining the demurrer. The motion to strike was sustained. From these rulings the applicants have appealed.

The first ground of the demurrer is that the allegations of the application do not entitle applicants to any relief, for the reason that the claims were allowed more than 10 years prior to the filing of the application, and the statutes of limitations have run upon any right of the applicants to assail the order allowing the claims.

In terms, the claimant pleaded the statutes of limitations. Referred to in this general manner, these are the statutes that prescribe the time within which actions may be brought

after their causes accrue. But of none of these statutes does appellee make mention in discussing the basis on which he predicates in this court the first ground of the demurrer. Nor does it seem that appellee could have availed himself of the general statutes of limitations. The filing of each claim, and its approval by the executor and the clerk, stood for and was in the nature of a petition in an action. By these steps appellee's bankrupt instituted proceedings for the collection of the claims. These proceedings are still pending, up to the present time. Smith Murphy & Co. v. Shawhan, 37 Iowa 533. So it is obvious that the application of appellants was filed in proceedings that were pending. And so far as the provisions of the statutes of limitations are concerned, the application did not purport to be a pleading of a cause of action against claimant. It cannot be said it was an independent action in equity to set aside for fraud a final judgment. Rather it was an appearance by adverse parties seeking the right to defend in proceedings claimant had commenced, and prior to any final adjudication therein. In the statutes of limitations we are unable to find any legislative contemplation of, or reference to, the time within which such a right, in litigation that is pending, may be exercised.

■ Appellee's real contention in argument is that the approvals of the claims, by virtue of the indorsements made by the executor and by the clerk, became final adjudications at the end of one year. Reliance for support of this proposition is on sections 11834 and 11835, Code 1935, which provide:

"11834. Clerk's actions reviewed. Any person aggrieved by any order made or entered by the clerk, under the powers conferred in section 11832, may have the same reviewed in court, on motion filed at the next term and not afterwards, unless upon good cause shown within one year, and upon such notice as the court or a judge thereof may prescribe.

"11835. Docketing and hearing. Upon the filing of such motion, the clerk shall place the cause or proceeding on the docket without additional docket fee, and the matter shall stand for hearing or trial de novo in open court."

This court has looked upon the probate court as having a large control over an executor or an administrator, with the power, at any time before his discharge, to correct his accounts and settlements for mistakes or fraud. Rabbett's Estate v. Con-

nolly, 153 Iowa 607, 133 N. W. 1060. In Ryan v. Hutchinson, 161 Iowa 575, 590, 143 N. W. 433, 438, the foregoing section 11834, then section 251, Code of 1897, was quoted and taken into consideration, in connection with other statutes pertaining to claims and decedents' estates. This is from the opinion:

"We have heretofore quoted the sections with reference to the final report of an executor, the notice to be served with reference thereto, and the hearing on final settlement. It appears from these sections that the allowance by the clerk is a temporary or provisional one, subject to review by the court, that the allowance by the executor is not final, and that finality cannot be predicated upon anything short of an allowance by the court itself, under section 3341 of the Code."

Under section 3341, Code 1897, mentioned in the quotation, now section 11963, Code 1935, the allowance by the court is in a hearing before the court, or upon the submission of the claim to a jury, and all provisions applicable to an ordinary action shall apply unless otherwise provided. The same opinion further states:

"Of course if there had been a final hearing on a claim under sections 3340 and 3341 of the Code [now sections 11961—11963, Code 1935], it is conclusive in the absence of fraud or collusion between the claimant and the executor. McLeary v. Doran, 79 Iowa 210, 44 N. W. 360. But this is not true as to intermediate orders by the clerk or an allowance by an executor."

In McDermott v. Estate of McDermott, 138 Iowa 351, 353, 116 N. W. 122, it is said:

"The appellant urges that the allowance of a claim by an administrator is final, in the absence of a showing of misconduct or fraud on his part. But we have held otherwise. Ordway & Husted v. Phelps, 45 Iowa 279; Byer v. Healy, 84 Iowa 1, 50 N. W. 70. There is no adjudication of a claim filed against an estate until it has been passed upon by the court. Riordan v. White, 42 Iowa 432."

From In re Estate of Harsh, 207 Iowa 84, 88, 218 N. W 537, 539:

"The allowance by the administrator is not final. It may still be reviewed."

These pronouncements, which took into consideration section 11834 relied on by appellee, effectually dispose of appellee's theory that a claimant can stand on an allowance of a claim by an executor and the clerk, without notice to those interested in the estate, as being a finality prior to the time all parties in interest have had notice of the final accounting. The beneficiaries of this estate had not lost their rights, upon making proper showing, to defend against the claim. It may be conceded that, for compelling a review, as a matter of right, without showing of error or mistake or the existence of a valid defense, which is a privilege afforded by sections 11834 and 11835, the time had expired. But the time within which parties in interest may question a claim and its allowance, on the merits involved in the proceedings instituted by a claimant against the estate, is fixed by other statutes than sections 11834 and 11835 as pointed out in the cited authorities. The clerk's allowance, not having been a finality at the end of one year, the first ground of the demurrer, even upon appellee's interpretation of its intendment, did not warrant the sustaining of the demurrer. The second ground is in effect a repetition of the first and its lack of merit is shown in what has already been stated.

■■ Of the remaining paragraphs of the demurrer the trial court seems to have taken no notice, and rightly so, as they were not entitled to recognition as grounds of a demurrer. Stewart v. Wild, 196 Iowa 678, 195 N. W. 266. In these paragraphs the pleader averred matters that were purely defensive, involving controversial questions of fact, such as ratification, waiver, laches, former adjudication and estoppel. There is submitted with the case the appellee's motion to dismiss the appeal, one ground being that these portions of the demurrer, to which we have just referred, have not been separately argued by appellant. The contention is that, though the court erred as to the question of statutes of limitations, there may have been merit in these (so-called) other grounds, not argued, that would have warranted the ruling. But we are unable to sense a possibility that these pseudo-grounds, of such a nature that we take no notice of their averments nor look upon them as grounds at all, may have justified the ruling.

Another ground of the motion to dismiss the appeal is that in the assignment of errors there appears a failure on part of appellants to comply with Rule 30. The noncompliance is in certain formal respects, indicative of an effort to condense, perhaps unduly, the complaints appellants desired to lay before this court. In Smith v. Middle States Utility Company, 224 Iowa 151, 155, 275 N. W. 158, 160, may be found a discussion of the purposes and effect of Rule 30. As there stated it is the view of this court that, where there has been a good faith attempt to comply with the rule, and the essential elements involved in the appeal can readily be determined, the court should not refuse to consider the assignment merely because it does not show a technical compliance in every particular. A like statement is found in Vance v. Grohe, 223 Iowa 1109, 274 N. W. 902, 116 A. L. R. 332. In the case at bar it appears to us that in connection with the assignments of error neither appellee nor this court has experienced any difficulties that a strict and technical compliance would have avoided. It seems proper that the motion to dismiss the appeal be and it is overruled.

For the reasons that have been indicated, the orders from which the applicants have appealed are reversed.—Reversed.

MITCHELL, C. J., and OLIVER, BLISS, SAGER, STIGER, MILLER, and HALE, JJ., concur.