PEARL RUTHERFORD, Appellee, v. C. L. RUTHERFORD, Appellant.

No. 45543.

APRIL 8, 1941.

Thomas J. Bray, for appellee.

McCoy & McCoy and Wagner & Yoder, for appellant.

WENNERSTRUM, J.—The plaintiff has filed an action for divorce against the defendant. This divorce proceedings has only reached the preliminary stage of making up the issues and in making an allowance for suit money, temporary alimony and attorney fees. There has been an appeal to this court by the defendant from an adverse ruling on a motion to require plaintiff to make her petition more specific and from a further ruling of the trial court allowing certain sums for temporary alimony, suit money and attorney fees. The two appeals have been here-

300

tofore ordered consolidated by this court and will be considered in this one opinion.

The court will first give consideration to the appeal from the adverse ruling on defendant's motion for more specific statement.

The motion for more specific statement will not be set out in detail but will be commented upon generally.

The plaintiff in her petition claims that the defendant has been guilty of cruel and inhuman treatment and that said cruelty and inhumanity consist of striking plaintiff in a violent manner, thereby inflicting injuries upon her person. The plaintiff also charges defendant of infidelity, of absenting himself from the home of the parties to this action, and of spending his time with other women. It is also claimed that the defendant used profane and vile language in the presence of the plaintiff and the minor daughter of plaintiff and defendant and that he also has harassed the plaintiff. It is claimed that such cruel and inhuman treatment has injured plaintiff's health and endangered her life.

Defendant seeks to require the plaintiff to state the approximate date or dates when she claims the defendant struck the plaintiff in a violent manner. Defendant also seeks to require the plaintiff to state the names of the women with whom she alleges the defendant has been spending his time and the approximate dates thereof and the place where she claims the defendant has so associated with other women. Defendant in his motion for more specific statement further asks that plaintiff be required to state the ultimate facts upon which she bases her conclusion of infidelity on the part of the defendant and asked that she be required to state the names of the persons with whom, and the approximate dates and places where, she claims that defendant has been guilty of actual infidelity; that she be required to state the date or approximate dates when she claims the defendant used profane and vile language in the presence of plaintiff and the minor daughter of plaintiff and defendant. Defendant further asks that plaintiff be required to state what acts she claims defendant has committed which constitute harassing the plaintiff as charged in the petition.

The appellee contends that there are now no matters which should receive the consideration of this court because

it is asserted that (1) the defendant has failed to comply with Rules 30 and 31-b of this court and (2) because of the claimed failure of the defendant to comply with the provisions of the statute relating to a motion for more specific statement. This court has had no difficulty in ascertaining as to the claimed errors as set out by defendant's counsel in their brief and argument. Our attitude in this matter is reflected in one of the late pronouncements of this court where in the case In re Estate of Baker, 226 Iowa 1071, 1077, 285 N. W. 641, 644, this court speaking through Justice Richards said:

"* * * where there has been a good faith attempt to comply with the rule, and the essential elements involved in the appeal can readily be determined, the court should not refuse to consider the assignment merely because it does not show a technical compliance in every particular."

We do not here hold that there has even been a failure to technically comply with the rules involved and it is the conclusion that this portion of the appellee's contention is without merit.

We also hold that the defendant has sufficiently pointed out wherein the pleadings are not sufficiently specific and to that extent has complied with Code section 11128 of the 1939 Code.

Complaint is made on the part of the defendant that the plaintiff's petition does not apprise the defendant as to the approximate date or dates when the defendant struck the plaintiff nor does it advise the defendant as to what acts she claims the defendant has committed which constitute harassing the plaintiff, as charged in the petition.

We are of the opinion that the court erred in not sustaining this particular portion of the motion for more specific statement. We have frequently held that a pleader should not be required to plead evidence but it is our holding in this case and generally that he should be required to plead with certainty so that opposing party may be informed as to what facts will be in dispute at the trial. Our attitude on questions of this character is set forth in the opinion filed at this sitting of the court in the case of New York Life Insurance Company

302

v. Clemens, 230 Iowa 279, 289, 297 N. W. 253, 258, where Justice Miller, speaking for this court, says:

"The movant always knows the facts from his own standpoint. The motion is filed in anticipation that there will be a conflict in the evidence and he asks to be adequately advised of the claims made against him so that he may be adequately prepared to submit his evidence."

Justice Miller, in his opinion in this last-cited case, has commented fully on the basis for the ruling made in that case and his statements there made are applicable to this present case.

As to that portion of the motion for more specific statement which relates to the charge of infidelity we are of the opinion that this portion of the motion should have been sustained. This pleading of the charge of infidelity, by inference, accuses the defendant of adulterous conduct. See Ballinger v. Democrat Co., 203 Iowa 1095, 1098, 212 N. W. 557, 559; Flues v. Nonpareil Co., 155 Iowa 290, 294, 135 N. W. 1083, 1085, Ann. Cas. 1915A, 33.

We also hold that inasmuch as the plaintiff has by inference charged the defendant with adultery that the defendant is entitled to be informed with certainty as to the time, place and person or persons with whom the plaintiff will claim he has been associated in an adulterous manner. For the citation of numerous cases bearing upon this question, attention is called to the annotations in 2 A. L. R. 1621. Our attitude is best expressed in the case of Poole v. Poole, 221 Iowa 1073, 1084, 265 N. W. 653, 659, wherein we state:

"A litigant confronted with accusations of such a serious and general nature as those in this case has no means of knowing the charges with which she may be confronted upon the trial, unless more specific acts are alleged. It is not sufficient to say that if certain accusations made at the trial are not true, they can be denied. * * * The defendant can suffer no particular injury by being required to set out more specifically the allegations of plaintiff's misconduct and adultery as requested. On the contrary, if the defendant be permitted to stand upon his general allegations, the appellant may suffer irreparable

loss because of her inability to meet charges made at the trial on the spur of the moment.''

By reason of our conclusions as herein noted in relation to the charges of infidelity we hold that the trial court was in error in not sustaining the motion pertaining to this portion of the allegations as noted in plaintiff's petition.

■ As previously stated, there has been two appeals submitted in connection with this one action. Defendant claims the trial court was in error in the amount of money allowed for temporary alimony, suit money and attorney fees. It is claimed the allowance was excessive. It will not be our purpose in this opinion to go into detail as to the property holdings of the defendant. It is sufficient to state that there was evidence presented to the court, which was not denied by the defendant, that the defendant is a man of considerable means. He is an operator of several valuable coal-mining properties in and about Mahaska county, Iowa. One of these properties is apparently owned by defendant personally and one or more other like properties are owned by a corporation of which he is apparently the only stockholder. It was shown at the hearing on the application for attorney fees, suit money and temporary alimony that the defendant has accumulated all his holdings during the last nine years and that he had an income during the past year of approximately $20,000. It should be stated that defendant is shown to have an indebtedness growing out of his mining operations of $9,000. It was also shown that the defendant, or the companies in which he is interested, is contingently liable to a railroad company to provide freight revenue of $17,500 yearly for a period of three years and that there is a contingent liability in the total amount of $52,500.

Plaintiff is entitled to properly prepare her case and to obtain competent engineers so that the court and she can be advised as to the value of these properties and the equipment used. It is quite possible that witnesses as to the value of a certain portion of the property owned by the defendant can be obtained in Mahaska county, Iowa, but she should not be necessarily restricted in her efforts to obtain qualified persons to aid her in advising the court as to these values. The evi-

dence as presented before the trial court shows that the defendant's property has been estimated to be worth approximately $200,000. We feel that the trial court is entitled to be advised by competent persons as to its true value and we hold that the $500 allowance for suit money is not excessive. In the light of the nature of the charges that the plaintiff will seek to sustain we also feel that under the circumstances the allowance is not excessive. We also hold that the allowance of $300 for preliminary attorney fees is not excessive.

The trial court upon the submission of an application for temporary alimony made an allowance of $150 per month for support of plaintiff and her minor child pending this litigation. The defendant appealed from this order and ruling of the court. Following this appeal the plaintiff made application to this court for an order as to temporary alimony, and certain of the Justices of this court, upon hearing of this application, ordered:

"That pending the determination of said appeal by this court the appellant pay to the Clerk of the District Court of Mahaska County, Iowa to be delivered by him to the appellee * * *, the sum of $125 for temporary alimony and support for herself and minor child and the additional sum of $125 on or before the 1st day of each month thereafter pending final disposition of such appeal to this court."

Upon a further consideration of this question we hold that the allowance of $125 per month is a proper allowance, under the evidence presented, and that the order of the trial court should be modified so as to require the defendant to make payments in that amount for each month, said payments to continue until otherwise ordered by the trial court. This cause is therefore modified in part and reversed in part, as heretofore noted, and the same is remanded to the trial court for an entry of a ruling to conform with the holdings herein announced.—Modified in part and reversed in part.

CHIEF JUSTICE and all JUSTICES concur.